**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-40215
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

REGINALD J. DEAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____

November 5, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges

PER CURIAM:

Reginald Dean, filing _pro se_, appeals the district court's denial of his motion for the return of money seized in connection with his arrest for bank robbery. We affirm.

I.

On September 20, 1985, Dean was arrested in connection with the robbery of the First National Bank of Bullard, Texas, from which $81,300 had been taken the day before. On the same day as the arrest, FBI agents executed a search warrant at Dean's house. The agents found $41,000 labeled with straps bearing the bank's name in the trunk of Dean's car. The agents also found $1,686 in assorted bills in Dean's pants' pocket and $4,950 in $50 bills in a brown paper bag under his mattress. According to the government, the bank requested that the FBI remit recovered monies to its insurance carrier; ultimately, the FBI released $75,446, consisting of money recovered from Dean and an accomplice, to the insurer.

Subsequent investigation linked Dean to an earlier robbery of Tyler National Bank. In 1986, Dean was convicted of both robberies and sentenced to serve thirty years. In 1987, Dean sought, and was granted, the return of jewelry seized at the time of his arrest; his motion did not include a request for the return of cash.

Some years later, in 1995, Dean moved for the return of the $6,636 taken by FBI agents from his pants' pocket and under his mattress. Dean alleged that the government took the funds without showing that they were proceeds from illegal activity. The government, in response, contended that the funds were obtained from either the Bullard or Tyler bank robbery, and, therefore, were unlawfully possessed by Dean.

The district court denied Dean's motion and held that he failed to show any legal entitlement to the money. Dean timely appealed the district court's decision.

II.

Federal Rule of Criminal Procedure 41(e) provides that:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court . . . for the return of the property on the ground that such person is entitled to *lawful possession* of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion.

Fed. R. Crim. P. 41(e) (emphasis added). A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence. United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993); *see also* United States v. Palmer, 565 F.2d 1063 (9th Cir. 1977) (ordering return of money seized at time of defendant's arrest for bank robbery where there was no evidence

2

that money was property of bank and bank made no claim of ownership). However, the government may rebut that presumption by showing that the defendant did not possess the property lawfully. Mills, 991 F.2d at 612 (noting that claim of possession adverse to defendant, such as restitution order, rebutted defendant's presumption of entitlement to money seized at time of arrest); United States v. Burzynski Cancer Research Institute, 819 F.2d 1301, 1311 (5th Cir. 1987) (holding that movants failed to show right to lawful possession of patients' records), *cert. denied*, 484 U.S. 1065, 108 S. Ct. 1026, 98 L. Ed. 2d 990 (1988); *cf.* United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990)(concluding that government's interest in ensuring payment of monetary penalties imposed as part of sentence outweighed defendant's interest in return of money), *cert. denied*, 500 U.S. 933, 111 S. Ct. 2055, 114 L. Ed. 2d 461 (1991).

We review a district court's interpretation of Rule 41(e) de novo. *See In re* Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 855 (9th Cir. 1991). A district court's factual determination of lawful possession, or ownership, will be upheld unless clearly erroneous. *See* id.; United States v. Maez, 915 F.2d 1466, 1468 (10th Cir. 1990), *cert. denied*, 498 U.S. 1104, 111 S. Ct. 1005, 112 L. Ed. 2d 1087 (1991).

The Tenth Circuit applied these principles in Maez. There, Maez argued that he was entitled to $5,844 seized in a search incident to his arrest for bank robbery. Maez, 915 F.2d at 1468. The court, in affirming the district court's denial of the Rule

3

41(e) motion, acknowledged that Maez's pre-seizure possession of the money established a prima facie case that he was entitled to it.  Id.  However, it held that the government had sufficiently established, through circumstantial evidence, that the money rightfully belonged to the bank.  Id.  The court cited Maez's own guilty plea, eyewitness testimony identifying him as one of the bank robbers, and the lack of a credible explanation for the presence of a large amount of cash--nearly half of the amount stolen--in his closet.

Similarly, in the case at hand, the government has sufficiently rebutted Dean's presumption of entitlement.  FBI agents found proceeds from the Bullard robbery in Dean's car, his accomplice testified as to Dean's involvement in the crime, and a jury trial established Dean's guilt.  In addition, the record indicates that the government offered the $6,636, along with the bundled $41,000, into evidence at a suppression hearing and at trial.  Dean offered nothing to distinguish the $6,636 from the $41,000 bearing bank labels.  The judge was entitled to view the jury's verdict of guilty as an implicit acceptance of the government's theory that all of the money constituted proceeds from the bank robbery.

The judge was also entitled to consider the fact that a year after trial, Dean moved for the return of jewelry seized during the 1985 search, but did not include a request for the return of money. On the basis of the facts before it, the district court found that Dean did not show he was legally entitled to the property at issue.

4

This finding is not clearly erroneous.[1]

Dean further contends that the district court should have conducted an evidentiary hearing before denying his motion. This contention is meritless. This court reviews the district court's denial of an evidentiary hearing under Rule 41(e) for abuse of discretion. Dickens v. Lewis, 750 F.2d 1251, 1255 (5th Cir. 1984). Evidentiary hearings are not granted as a matter of course; such a hearing is required only if any disputed material facts are "necessary to the decision of the motion." United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983) (citations omitted); Fed. R. Crim. P. 41(e). Factual allegations in the defendant's motion must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." Harrelson, 705 F.2d at 737 (citations omitted). General or conclusionary assertions will not suffice. Id.

Dean, in support of his Rule 41(e) motion, argues to us, as he did to the district court, that the money at issue "was seized by federal authorities without showing it was proceeds from any illegal activity." Dean alleged no facts to support that claim; nor did he seek to rebut the government's circumstantial evidence. He provided no explanation as to how he legitimately came to possess the $6,636 found under his mattress and in his pockets.

---

[1]Because we conclude that Dean was not legally entitled to the funds, we need not consider other issues in the case, such as whether the suit could be barred by the doctrine of laches or other equitable defenses or whether the government could be subjected to an action for the return of property under Rule 41(e) when it no longer possesses that property.

5

Because Dean's motion does not present a disputed factual issue, we cannot say the judge's denial of Dean's motion without a hearing was an abuse of discretion.

III.

For these reasons, the district court's denial of Dean's Rule 41(e) motion is AFFIRMED.

AFFIRMED.