108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Respondent-Appellee.
v.
David PODLOG, also known as Dima, Petitioner-Appellant.
 No. 96-1575.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 David Podlog, pro se, Lewisburg, PA.
 Robert E. Rice, Assistant United States Attorney (Mary Jo White, United States Attorney for the Southern District of New York; Jeffrey M. Zimmerman, Guy Petrillo, on the brief), New York, NY.
 JACOBS, LEVAL, CABRANES, Circuit Judges.
 Appeal from the United States District Court for the Southern District of New York (Keenan, J.).
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was taken on submission.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the district court is AFFIRMED.
 Petitioner-appellant David Podlog, a.k.a. Dima, appeals pro se from an order of the United States District Court for the Southern District of New York (Keenan, J.) denying his post-conviction motion for the return of property seized by the government in the course of a criminal investigation.
 
 
 1
 On April 15, 1992, agents of the Drug Enforcement Agency ("DEA") executed a search warrant for Podlog's apartment. The search team, led by Special Agent Louis Cardinali, was given access to Podlog's home by his wife, Irene Kwitney. During the search, Cardinali came upon a desk drawer containing a stack of business cards and a stack of credit cards. Cardinali seized the business cards, but left behind the stack of credit cards. Following the search, Cardinali photocopied all the documents and papers seized from the apartment. As he sorted the stack of business cards, he discovered six credit cards. These credit cards were indicated in Cardinali's DEA 6 report.
 
 
 2
 While on bail pending trial, Podlog contacted Cardinali and requested the return of various items, including a credit card belonging to Kwitney. On April 21, 1992, Cardinali and another DEA agent met Podlog and returned to him $566.41 in cash, a driver's license and the six credit cards found in the stack of business cards. Upon return of the items, Podlog signed a receipt and was given a photocopy of every item seized from his apartment.
 
 
 3
 In April of 1993, Podlog was convicted of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. On January 31, 1994, Podlog filed a motion for a new trial pursuant to Fed.R.Crim.P. 33. In his motion, Podlog alleged, inter alia, that the government engaged in outrageous conduct by stealing credit cards during its search of Podlog's apartment and using the stolen credit cards to purchase $13,000 worth of merchandise. On May 6, 1994, the district court denied Podlog's motion with respect to the outrageous conduct claim. We affirmed Podlog's conviction and sentence without opinion on June 8, 1995. United States v. Podlog, No. 94-1262 (2d Cir. June 8, 1995).
 
 
 4
 On January 4, 1996, Podlog moved pursuant to Fed.R.Crim.P. 41(e) for the return of property seized during the search of his apartment. Among the items sought by Podlog were the credit cards Podlog had alleged were stolen by the government. The district court denied Podlog's motion, finding that the non-credit cards items were needed by the government in the upcoming trial of one of Podlog's co-conspirators, and that there was no new evidence with respect to the credit card claim.
 
 
 5
 On appeal, Podlog argues that the district court erred in denying his motion for the return of the allegedly stolen credit cards without an evidentiary hearing. Specifically, he contends that an evidence voucher form and a letter from the prosecuting attorneys, both of which were dated after April 21, 1992, prove that the government retains possession of Podlog's credit cards. This claim is without merit.
 
 
 6
 A defendant is entitled to the return of any non-contraband property no longer relevant to a concluded criminal proceeding. See Mora v. United States, 955 F.2d 156, 158 (2d Cir.1992). Once a criminal proceeding has concluded, an action to recover seized property is treated as a civil complaint for equitable relief. See id. The district court must take evidence and make findings of fact where necessary to decide the motion, see Rufu v. United States, 20 F.3d 63, 65 (2d Cir.1994), but must hold an evidentiary hearing only "if any disputed material facts are necessary to the decision of the motion," United States v. Dean, 100 F.3d 19, 21 (5th Cir.1996) (internal quotation omitted); cf. United States v. White, 972 F.2d 16, 22 (2d Cir.1992) (evidentiary hearing not required in Rule 33 context where not necessary to the resolution of the relevant issues). We review the district court's decision not to hold a hearing for an abuse of discretion. See Dean, 100 F.3d at 21; cf. White, 972 F.2d at 22.
 
 
 7
 In the instant case, no factual dispute existed requiring an evidentiary hearing. Any factual dispute was resolved with Podlog's Rule 33 motion. At that time, the district court examined Cardinali's affidavit, a government affidavit recounting the government's internal investigation of the matter, the return receipt signed by Podlog, and affidavits from Podlog and Kwitney. Based upon this evidence, the district court found that Podlog failed to prove the existence of any credit cards beyond those already returned to Podlog. The documents upon which Podlog relies on appeal add nothing to warrant further examination by the district court, as these documents simply refer to the credit cards returned to Podlog in April of 1992. Therefore, the district court properly exercised its discretion in declining to hold an evidentiary hearing.
 
 
 8
 We also hold that the district court properly denied Podlog's motion with respect to the non-credit card property. The district court found that the property was needed by the government in another criminal prosecution. It is wellestablished that this constitutes a legitimate justification to retain possession of an individual's property. See Fed. R.Crim.P. 41 advisory committee's note.