IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10205
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON CAMINERO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:90-CR-128-R
- - - - - - - - - -
January 7, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Nelson Caminero appeals his convictions for conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He contends that 1) there was insufficient evidence to support his convictions, 2) the district court erroneously concluded that it lacked the authority to depart downward from the Guidelines

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

under U.S.S.G. § 5K1.1, 3) the district court abused its discretion in refusing to allow him to plead guilty, 4) the district court plainly erred in failing to reduce his sentence pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, and 5) the district court erred in failing to hold an evidentiary hearing on his "Motion to Enforce Plea Bargain Agreement" filed prior to trial.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The evidence was sufficient for a reasonable jury to find Caminero guilty beyond a reasonable doubt. See United States v. Casel, 995 F.2d 1299, 1306 (5th Cir. 1993); United States v. Eakes, 783 F.2d 499, 404-06 (5th Cir. 1986). The district court did not err in failing to make a § 5K1.1 departure on its own motion. See United States v. Price, 95 F.3d 364, 368 (5th Cir. 1996). The district court did not abuse its "broad discretion" in rejecting Caminero's guilty plea. See United States v. Wild, 92 F.3d 304, 309 (5th Cir.), cert. denied, 117 S. Ct. 532 (1996). The court did not plainly err in failing to reduce his sentence for acceptance of responsibility. See United States v. Maldonado, 42 F.3d 906, 913 (5th Cir. 1995). The district court did not abuse its discretion in failing to hold an evidentiary hearing. See United States v. Dean, 100 F.3d 19, 21 (5th Cir. 1996).

Accordingly, the judgment is AFFIRMED.