**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 01-20099**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**HOWARD E. EAST,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
For the Southern District of Texas

_____

(H-00-CR-518-ALL)

January 8, 2002

Before GARWOOD, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Defendant-Appellant, Howard E. East (East), appeals from the district court's refusal to hold an evidentiary hearing on his motion to suppress and the sufficiency of the evidence supporting his conviction. East was charged by indictment with possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. §§ 922(g)(1) and 924(a)(2). East filed a motion to suppress the firearm, and a motion to dismiss the indictment on the grounds that 18 U.S.C. § 922(g) was unconstitutional both on its face and as applied to East. The district court denied both motions without a hearing.

Thereafter, East filed a motion to reconsider the denial of the motion to suppress and to set an evidentiary hearing on the motion. East then proceeded to a stipulated bench trial, after which the district court found him guilty as charged in the indictment. The district court sentenced East to serve 24 months in the custody of the Bureau of Prisons and a three-year term of supervised release. In addition, the court imposed the mandatory $100 special assessment, which was waived because East was unable to pay it.

We realize that evidentiary hearings are not granted as a matter of course. Rather, these hearings are required only if there are disputed material facts "necessary to the decision of the motion." FED.R.CRIM.P. 41(c); *United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996) (citing *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983)). After fully considering the respective parties' briefing on the issues, carefully reviewing the entire record, and hearing oral arguments in this case, we find that East has sufficiently alleged that there are disputed material facts necessary to the resolution of his motion to suppress. Therefore,

2

we VACATE the district court's conviction of East and the sentence imposed upon him, and we REMAND for an evidentiary hearing concerning East's motion to suppress the firearm.