# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 01-50199

UNITED STATES OF AMERICA,                    Plaintiff - Appellee,

versus

ANTHONY ALOZIE OGBONNA,                    Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

March 11, 2002

Before POLITZ, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony Alozie Ogbonna ("Ogbonna") appeals from the denial-in-part of his motion for the return of property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. For the following reasons, we hereby VACATE and REMAND.

## FACTUAL AND PROCEDURAL HISTORY

Ogbonna was charged with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846 (count 1); possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (counts 2-5); conspiracy to forge and pass counterfeit checks in violation of 18 U.S.C. § 371 (count 6); bank fraud in violation of 18 U.S.C. § 1344 (count 7); possession of a forged security in violation of 18 U.S.C. § 513(a) (counts 8-16); and sale or receipt of stolen securities in violation

---

* Pursuant to 5ᵗʰ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵗʰ CIR. R. 47.5.4.

of 18 U.S.C. § 2315 (counts 17-23). Counts one through five of the indictment, the heroin-related charges, were severed and Ogbonna was tried and convicted by a jury of all five counts. The other counts were dismissed upon a motion by the Government. We affirmed Ogbonna's conviction and sentence. United States v. Ogbonna, 184 F.3d 447, 448 (5th Cir. 1999).

After his appeal was final, but during the pendency of a habeas petition filed pursuant to 28 U.S.C. § 2255, which was ultimately denied, Ogbonna filed a Motion for Return of Seized Property under Federal Rule of Criminal Procedure 41(e) in the district court seeking the return of twenty-five items of personal property, which he alleged the Government seized during the search of his home without a warrant. In its response to Ogbonna's motion, the Government apprised the district court that it had seized twenty one items of property from Ogbonna. Those items were:

1. $253.50 in U.S. currency

2. Five video tapes

3. One wrist watch

4. Six briefcases

5. Thousands of photographs

6. Three rolls of blank film

7. Two gold colored rings

8. Two gold colored rings with possible diamonds

9. One IBM portable computer

10. Several key rings of keys

11. One black leather belt

12. One Panasonic fax machine with phone/copier

13. Thousands of photographs

14. One black address book

15. One gray address book

16. Three passports for the Federal Republic of Nigeria in the name of "Anthony A. Ogbonna" #0596077; #B818942; #A876522

17. Prescription drugs belonging to Ogbonna (Daypro 600 mg; Tromox 500mg; Penicillin VK 500mg; Propoxy - N/APAP 100; Hydrocodone/APAP 5/500; Doxycycline 250mg; Metronicazole 250mg; unlabeled container capsule "Bristol 7279")

18. Prescriptions belonging to Angela Bingham (Doxycycline 100mg)

19. One Panasonic Check Printing Accountant KX-RC105, serial number 3JAMB017665

20. One starter check book - Signet Bank "Anthony Ogbonna"

21. One box of checks - Fleet Bank "Anthony Ogbonna"

The Government did not oppose the return of items 1 through 13 of its list but requested that the district court deny the return of items 14 through 21 because items 14 and 15 were address books that still had evidentiary value, and the remainder of the items should be destroyed because item 16 consisted of expired passports, items 17 and 18 were prescription drugs, and items 19 through 21 were items that were used to facilitate the crime in "which Ogbonna now stands convicted." In response, Ogbonna provided an affidavit averring that the briefcases, which he argued were illegally seized by the Government, contained $27,470, as well as ivory pieces and other valuables worth at least $85,000. The district court granted Ogbonna's motion with respect to the return of items 1 through 13 and denied the return of items 14 through 21. It also ordered the destruction of items 16-21. Ogbonna appealed.

## DISCUSSION

### I. Forfeiture under Federal Rule of Criminal Procedure 32.2

Ogbonna contends that the district court should have granted the motion to return his property under Federal Rule of Criminal Procedure 32.2 because the indictment did not include the forfeiture of his property. This argument is without merit. The Federal Rules of Criminal Procedure provide that no judgment of forfeiture may be entered in a criminal proceeding unless the indictment or information contains notice that the Government will seek the forfeiture of property as part of the judgment and the indictment or information alleges the extent of the interest or property subject to forfeiture. FED. R. CRIM. P. 7(c)(2), 32.2. "[T]he purpose of the notice of forfeiture in the indictment is to inform the defendant that the government seeks forfeiture as a remedy." United States v. Loe,

3

248 F.3d 449, 464 (5th Cir. 2001) (citation and internal quotation marks omitted). Here, the Government did not seek forfeiture of Ogbonna's property as a remedy, and his reliance on the forfeiture rules is misplaced and need not be considered by this Court.

II.    Return of Property Pursuant to Federal Rule of Criminal Procedure 41(e)

Ogbonna argues that he is the property's lawful owner and that the Government has failed to show that it has a lawful reason to hold his property. His primary contention is that the briefcases seized by the Government contained a substantial amount of cash and that the Government has failed to give an inventory of the briefcases' contents. He also argues that because his trial has been completed, there is no further need for the property for evidentiary purposes. The Government counters that the unreturned evidence eit her was never seized, still has evidentiary value, or is contraband. The Government argues that the Federal Bureau of Investigations ("FBI") receipt for seized property shows that $200, not $27,470 was seized, that the address books still have evidentiary value, and that the other items ordered to be destroyed by the district court are derivative contraband.

The Federal Rules of Criminal Procedure provide that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property" may move for the property's return "on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion." FED. R. CRIM. P. 41(e). Under Rule 41(e), "[a] criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence." United States v. Dean, 100 F.3d 19, 20 (5th Cir. 1996). However, "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." FED. R. CRIM. P. 41(e) advisory committee's note. Nevertheless, the Government bears the burden of proof as to why an individual's property should not be returned. Id.

A.    Standard of Review

A district court's interpretation of Rule 41(e) is reviewed *de novo*, and "[a] district court's factual determination of lawful possession, or ownership, will be upheld unless clearly erroneous." Dean, 100 F.3d at 20.

## B. Items Not in The Government's Possession

Aside from his affidavit, Ogbonna offered no proof that the briefcases seized by the Government contained $27,470 and ivory pieces and other valuables worth at least $85,000. The Government supplemented the record with a receipt inventorying Ogbonna's property, which differs from the items Ogbonna claims were seized. It is axiomatic that the Government cannot be expected to return property that it did not seize. However, as set forth below, this does not obviate the need for the Government to justify its continued retention of the items that are in its possession.

## C. Continued Evidentiary Value

The Government gave the district court no support for its argument that items 14 and 15 have evidentiary value. While the Government is correct that lawfully seized property may be retained while it still has an evidentiary value, id., the Government did not explain what value the address books still have given that this case has been finally adjudicated on direct appeal. If the Government has a valid reason to believe that these items retain an evidentiary value, it has not sought to articulate the basis for its belief. Without an explanation of any kind as to how these items have evidentiary value, we cannot affirm the district court on this basis. See id.

## D. Contraband or Derivative Contraband

The Government argues here that the three passports, prescription drugs belonging to Ogbonna and Angela Bingham, the Panasonic Check Printing Accountant, the Starter Check Book, and the box of checks from Fleet Bank are derivative contraband. In Cooper v. City of Greenwood, Miss., a case filed under 42 U.S.C.§ 1983, we explained that, although generally seized property should be returned to its rightful owner once the criminal proceedings have terminated, the same is not true for contraband. 904 F.2d 302, 304 (5th Cir. 1990). Contraband can be either contraband per se, i.e., those items it is illegal to possess, or derivative contraband, which includes items "not inherently unlawful but which may become unlawful because of the use to which they are put–for

5

example, an automobile used in a bank robbery." Id. at 305. We have not yet decided whether section 1983's contraband analysis is appropriate in Rule 41(e) cases. However, even assuming that the Government is justified in refusing to return contraband, the Government offered the district court no explanation, and the record does not demonstrate why the Government considers items 16 through 21 to be contraband. While Ogbonna was convicted of five drug charges, the drug involved was heroin, and the Government did not address why the prescription drugs are considered derivative contraband. Ogbonna was charged in the indictment with several financial crimes including conspiracy to forge and possess counterfeit checks and bank fraud, which may support the Government's argument that the Panasonic Check Printing Accountant, the Starter Check Book, and the box of checks from Fleet Bank were used to facilitate financial crimes. However, the record demonstrates that the charges relating to the alleged financial crimes were dismissed by the Government's motion. It is also unclear whether and why the passports would be considered derivative contraband. As such, we cannot affirm the district court on the basis that the items are contraband or derivative contraband.[1]

## CONCLUSION

The Government cannot satisfy its burden of proof under Rule 41(e) with the conclusory statements set forth in its brief and without any support in the record. See, e.g., United States v. Albinson, Nos. Civ. A. 00-929, Crim. A. 95-19-01, 2001 WL 43779, at * 2 (E.D. Pa. Jan. 16, 2001) (finding that the Government cannot meet its burden under Rule 41(e) by merely "stat[ing], without documentary support, that it no longer possesses the property at issue." (internal quotations omitted)). Therefore, we VACATE the decision of the district court denying-in-part Ogbonna's

---

[1] The Government also made a motion on appeal, which was granted, to supplement the record with a copy of the search warrant. It argues that an individual is not entitled to relief under Rule 41(e) when a search is undertaken pursuant to a valid warrant. The Government cites Dickens v. Lewis in support of this assertion. 750 F.2d 1251, 1255 (5th Cir. 1984). However, it fails to recognize that Dickens interpreted Rule 41(e) prior to the 1989 amendments, which added the provision that parties aggrieved by the deprivation of property also may move for the return of that property. FED. R. CRIM. P. 41(e) advisory committee's note ("As amended, Rule 41(e) provides that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it.") Thus, the district court's partial denial of Ogbonna's motion cannot be affirmed on that basis.

motion for the return of property pursuant to Rule 41(e) and REMAND for further proceedings consistent with this opinion.

VACATED and REMANDED.