**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2121

UNITED STATES,

Appellee,

v.

JESUS ALBERTO URIBE-LONDONO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Selya and Lipez,
Circuit Judges.

Jesus A. Uribe-Londono on brief pro se.
H.S. Garcia, United States Attorney, Nelson Pérez-Sosa and Germán A. Rieckenhoff, Assistant United States Attorneys, on brief for appellee.

April 12, 2006

**Per Curiam**.  Appellant Jesus Alberto Uribe-Londono is currently serving a 120-month sentence after having been convicted of two counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251.  We affirmed the conviction and sentence on May 20, 2005.  See United States v. Uribe-Londono, No. 02-2027, slip op. (1st Cir. May 20, 2005) (per curiam).  While the direct appeal was pending, appellant filed a motion in the district court requesting the return of seized property pursuant to Fed. R. Crim. P. 41(g).[1]  Appellant now challenges the district court's denial both of that motion and of his subsequent motion for reconsideration.[2]

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court . . . for the return of property on the ground that such person is entitled to lawful possession of the

---

[1]Although the parties cite Fed. R. Crim. P. 41(e), the provision authorizing motions to return seized property is now found at Fed. R. Crim. P. 41(g).

[2]The government contends that we lack jurisdiction to review these rulings because the notice of appeal was not filed within the ten-day period for filing an appeal in a criminal case.  See Fed. R. App. P. 4(b).  We will assume, without deciding, that this appeal is timely.  First, even if the ten-day period applies, the prisoner mailbox rule, Fed. R. App. P. 4(c), would make the appeal timely.  Second, it may be that the Rule 41(g) motion should be treated as a civil complaint for equitable relief, see United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995), the denial of which is subject to the sixty-day appeal deadline applicable in civil cases under Fed. R. App. P. 4(a)(1)(B).  See United States v. Potes Ramirez, 260 F.3d 1310, 1313 (11th Cir. 2001); United States v. Bein, 214 F.3d 408, 412 n.3 (3d Cir. 2000).

-2-

property.  The court shall receive evidence on any issue of fact necessary to the decision of the motion."  A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence.  United States v. Dean, 100 F.3d 19, 20 (5th Cir. 1996); United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993).  However, "[a] Rule 41[(g)] motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues."  Mills, 991 F.2d at 612 (citations and internal quotation marks omitted); see United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990) (explaining that "a defendant's right to the return of lawfully seized property is subject to any continuing interest the government has in the property")  The government's interest may take a variety of different forms; what matters is that it is a legitimate interest.  Duncan, 918 F.2d at 654.

Oddly, the arguments both parties assert on appeal are substantially different than those raised in the district court. The government maintains that the documentary evidence and camera equipment appellant seeks to have returned constitute derivative contraband (and is, therefore, subject to forfeiture).  In the proceedings below, the government objected to returning the property on the ground that it constituted evidence related to the case, but it neither characterized the items as derivative

-3-

contraband nor expressly claimed that they were subject to forfeiture.

Appellant seems to view the June 2, 2005, denial of his motion for reconsideration as the equivalent of an order of forfeiture and argues in his brief that the government's retention of the items in question without initiating forfeiture proceedings violates his due process rights. In the district court, however, appellant seemed to concede that the government had a right to retain case-related material and only disputed the government's characterization of the items in question as such. Since both parties failed to raise their forfeiture arguments before the district court, they are not properly before us on appeal. See Teamsters Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) ("If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal").

Given that the government did not expressly assert below that the property was derivative contraband or otherwise subject to forfeiture, the district court's failure to explain its denial of appellant's motions or hold an evidentiary hearing to determine whether the property in dispute was case-related would seem to suggest that its rulings were not intended to adjudicate appellant's ownership rights. Since at least some of the property

appellant sought--e.g., the camera equipment used in committing the crime and documentary materials that were found to contain contact information for minors--obviously related to the underlying case, it seems more likely that the district court simply concluded that appellant's requests were premature and that the government had adequately shown a need to retain the items as evidence until the criminal proceedings had concluded. We see no error in that ruling. See United States v. Saunders, 957 F.2d 1488, 1495 (8th Cir. 1992)(holding that "[t]he motion for the return of paperwork, even papers that were not introduced at trial, was premature because defendant's direct appeal was still pending"). Now that the criminal proceedings have concluded, appellant can renew his request for return of property in the district court. To the extent the government suggests that, even after criminal proceedings have terminated, it may retain non-contraband items without instituting forfeiture proceedings, we do not pass on that argument as it has not been sufficiently briefed.

Affirmed. See 1st Cir. Loc. R. 27(c).