**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

---

No. 06-2367

UNITED STATES,

Appellee,

v.

JESÚS ALBERTO URIBE-LONDONO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District  Judge]

---

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Jesús A. Uribe-Londono on brief pro se.
Nelson Pérez-Sosa, Assistant United States Attorney, Germán A. Rieckhoff, Assistant United States Attorney, an Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

---

July 18, 2007

---

**Per Curiam**.  Jesus Uribe-Londono, currently serving a 120-month sentence for his conviction of sexual exploitation of children in violation of 18 U.S.C. § 2251, appeals the district court's denial of his post-conviction motion for the return of seized property, most of which appears to be documentary in nature, pursuant to Fed. R. Crim. P. 41(g).  In a prior appeal, we affirmed the district court's denial of a  Rule 41(g) motion appellant filed before the criminal proceedings had concluded, finding, inter alia, that the district court reasonably could have concluded that the property retained was related to the case, that the government had adequately shown a need to retain the items as evidence until the criminal proceedings had concluded, and that appellant's requests were premature.  See United States v. Uribe-Londono, No. 05-2121 (1st Cir. Apr. 12, 2006).

After the prior appeal was decided and the criminal proceedings had concluded, appellant renewed his motion, arguing that he was entitled to the return of all property still in the government's possession because the government had not brought a forfeiture proceeding.  Appellant attached to the motion copies of some of the FBI inventory forms the government had previously submitted in response to an order directing it to identify property still in its possession.  The property listed in the forms ranged from video camera equipment to items such as notebooks, calendars, business cards, agendas,  computer disks and a copy of a computer

-2-

hard drive. Appellant argued that of the property seized, only the video camera and one videocassette tape were used in the underlying offense, and that much of the property in issue was work-related, vital to his ability to obtain employment in the future, and bore no connection to the offense of conviction. Appellant acknowledged that computer hardware had been returned to his former employer, but he alleged that the government retained copies of the information contained therein and requested that the government provide him with a copy of that material. Appellant further asserted that, as part of discovery in the criminal proceedings, the government had already provided him with copies of many of the documentary materials he sought, but he maintained that the copies were illegible.

The government opposed the motion, arguing that appellant was not entitled to the return of the property because it constituted derivative contraband either because it was used to commit the offense of conviction or because it contained pornographic images of minors or contact information for minors. However, the government did not submit affidavits or any other evidence to support its assertions concerning the contents or nature of the property in issue. Further, although the government asserted that it had returned computer equipment to appellant's former employer and suggested that appellant did not have standing to request that material, it did not specifically address

appellant's request for a copy of the information contained in the hard drive which, according to the inventory forms, the government still had in its possession. The district court denied appellant's Rule 41(g) request the day after the government's opposition was filed, stating that it had "reviewed the FBI's inventory list and notes that all property listed therein which was not returned to defendant is intrinsically intertwined to the instruments used to facilitate his delictive activity[,]" and that "non-case related items were already returned to defendant's representative." This appeal ensued.

We review the district court's interpretation of Rule 41(g) de novo and its factual determinations for clear error. See United States v. Pierre, 484 F.3d 75, 87, (1st Cir. 2007). Rule 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move [the district court] for the property's return." "Once seized property is no longer needed as evidence, a criminal defendant is presumed to have the right to its return. However, a Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." Pierre, 484 F.3d at 87 (internal citations, quotations and alterations omitted); see also United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) ("The burden shifts to the government when the criminal

proceedings have terminated. At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.").

To the extent appellant contends that the government was required to establish that the property in question constituted derivative contraband or was otherwise subject to forfeiture by proof beyond a reasonable doubt, his argument does not find support in the case law. See United States v. Maez, 915 F.2d 1466, 1468 (10th Cir. 1990) (because Rule 41(g) proceedings are civil in nature, "[t]he judge is not bound by the criminal proceeding's standard of proof" and the civil preponderance-of-the-evidence standard applies). However, to the extent appellant contends that the district court misallocated the burden of proof and improperly decided disputed facts without sufficient evidence, his argument has merit.

This court has not set forth in detail the procedure the district court is to follow when presented with a post-conviction Rule 41(g) motion, but we have stated that such motions are to be treated as civil complaints for equitable relief, see United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995); accord Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994), and Rule 41(g) itself provides that "[t]he court shall receive evidence on any issue of fact necessary to the decision of the motion." As noted above,

appellant conceded that one video and the camera used to produce that video "contained evidence that was the subject of [his] conviction," but asserted that the remainder of the documents still in the government's possession were work-related and contained no information relating to minors or child pornography. The government disputed that contention and argued that the documents were found to contain information relating to minors, and as such, constituted derivative contraband; however, the government did not submit affidavits or other evidence to substantiate its assertion, and the government's inventory forms did not describe the specific nature or contents of the materials seized. Therefore, it was not "apparent," as the government contends, that the property appellant sought constituted derivative contraband. Cf. United States v. Felici, 208 F.3d 667, 670-71 (8th Cir. 2000) (district court properly denied Rule 41(e) request for the return of firearms without an evidentiary hearing because defendant's status as a convicted felon made it illegal for him to possess firearms. However, district court erred in denying defendant's request for the return of items the government asserted were "drug-related" without an evidentiary hearing where it was not immediately apparent whether items were used or intended to be used in an unlawful manner).

The district court also failed to address appellant's request for the copy of information contained in the computer hard

drive.  On appeal, the government takes the position that appellant had no standing to request that material because the hard drive belonged to appellant's former employer.  However, the government did not develop that argument below, and the district court did not make any findings of fact as to whether the government retained a copy of the information contained in the hard drive, whether appellant had standing to request the copy, and if so, whether the document was properly withheld.  Further, the district court failed to afford appellant an opportunity to respond to the government's opposition, having denied appellant's motion the day after the government's opposition was filed.

In sum, we cannot sustain the district court's finding that the property in dispute was so "inextricably intertwined" with the underlying offense as to constitute derivative contraband because it appears to be based solely on the government's unsworn and unsubstantiated assertions concerning the nature and contents of the seized property, which is not self-evident and was disputed by appellant.  See Fed. R. Crim. P. 41(g); Rufu, 20 F.3d at 65 (reversing denial of Rule 41(g) motion where numerous factual disputes existed concerning, inter alia, what property was in the government's possession and what property had been returned, and district court's decision was based solely upon an unsworn letter from the government, without affidavits or DEA records); Mora v. United States, 955 F.2d 156, 158 (2nd Cir. 1992) (holding that

district court erred in relying on government's unsubstantiated assertions concerning disposition of property sought in Rule 41(e) motion). Accordingly, we <u>reverse</u> the district court's denial of appellant's Rule 41(g) motion and <u>remand</u> the matter for further proceedings.