# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2013

No. 12-51161

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TEDDY CHARLES THOMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1269-1

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Teddy Charles Thompson was convicted in a bench trial based on stipulated facts for possession with intent to distribute 100 kilograms or more of marijuana. He reserved his right to appeal the district court's denial of his motion to suppress. His only argument is that the district court erroneously failed to conduct an evidentiary hearing on his suppression motion. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51161

On April 29, 2012, Thompson entered the Border Patrol checkpoint in Sierra Blanca, Texas, driving a tractor trailer rig. According to the Government, a drug-detection dog alerted to the driver side door of the tractor as it passed the primary inspection area. Thompson was directed to the secondary inspection area, where the same dog again alerted to the driver side of the truck. Inside the sleeper compartment, Border Patrol agents discovered several black garbage bags on the bed of the sleeper area containing 603 bundles of marijuana weighing approximately 300 kilograms, as well as a plastic box containing user amounts of marijuana and methamphetamine. A large amount of cash was also discovered in the glove box.

Thompson moved to suppress the evidence, arguing that the seizure and search of his truck at the checkpoint occurred without a warrant or an exception to the warrant requirement. The fact section of the motion included the following statement: "Mr. Thompson further contends that the dog-handler actively manipulated an alert by prompting a reaction from the dog when the dog failed to alert on its own." The district court denied the motion without an evidentiary hearing and without discussion. On appeal, Thompson argues that it was error for the court to deny of the suppression motion without a hearing to resolve factual issues.

The district court's decision whether to conduct an evidentiary hearing on a motion to suppress is reviewed for an abuse of discretion. *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *Id.* "Factual allegations set forth in the defendant's motion, including any accompanying affidavits, must be sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id.* (internal quotation marks and citation omitted).

No. 12-51161

Thompson argues that he alleged sufficient facts in his suppression motion to warrant an evidentiary hearing because he claimed that the drug-detection dog did not alert until the dog was manipulated by the handler. He contends that because this alleged fact, if proven, would have justified relief, the district court was required to conduct a hearing to resolve the factual dispute. Thompson primarily relies on the Supreme Court's recent decision in *Florida v. Harris*, 133 S. Ct. 1050 (2013), which was decided after the district court's decision in this case.

In *Harris*, the Supreme Court addressed how a court should evaluate probable cause based on an alert from a drug-detection dog when the defendant has challenged the dog's reliability. *See* 133 S. Ct. at 1053. The Court rejected Florida's rigid test that required the state in every case to present exhaustive evidence of reliability in favor of a more flexible, common-sense approach that examines the dog's training. *Id.* The Court held that "evidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert." *Id.* at 1057. The Court noted, however, that a defendant "must have an opportunity to challenge such evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses." *Id.* The Court believed that "even assuming a dog is generally reliable, circumstances surrounding a particular alert may undermine the case for probable cause—if, say, the officer cued the dog (consciously or not)." *Id.* at 1057–58.

Although *Harris* recognized that a defendant may challenge the Government's evidence of the reliability of a dog's alert when reliability is at issue, the Court's opinion does not address whether or when the district court is required to grant an evidentiary hearing in the first place. Indeed, the *Harris* Court held that "a probable-cause hearing focusing on a dog's alert should proceed much like any other." *Id.* at 1058. In this circuit, it is well-established

3

that "'an alert by a drug-detecting dog provides probable cause to search [a vehicle],' . . . and that 'a showing of the dog's training and reliability is not required if probable cause is developed on site as a result of a dog sniff of a vehicle." *United States v. Rodriguez*, 702 F.3d 206, 210 (5th Cir. 2012) (quoting *United States v. Sanchez-Pena*, 336 F.3d 431, 444 (5th Cir. 2003)), *cert. denied, Izquierdo v. United States*, 133 S. Ct. 1615 (2013). Thompson's suppression motion provided insufficient detail to call this general rule into question and show that an evidentiary hearing was required.

Although Thompson asserted in one sentence of the fact section of his motion that the dog-handler manipulated the dog into an alert, Thompson did not brief this assertion further. Thompson argued only that, pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968), and *United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S. Ct. 3074 (1976), border checkpoint inspections are limited to immigration matters, and that there was no basis for the Border Patrol to investigate his immigration status. He did not discuss this court's precedent allowing probable cause based on an alert by a drug-detection dog, he gave no supporting detail or explanation of the dog's alert in this case, and he did not request either discovery about the dog's training and reliability or an opportunity to cross-examine the handler. His bare assertion that the dog-handler manipulated the dog provided no facts as to how the handler allegedly cued the dog.

Furthermore, Thompson did not provide an affidavit to aver the details of the allegedly unlawful stop or further explain his motion. Thompson appeared to indicate in his motion that the dog was manipulated at the primary inspection area, yet he said nothing about the additional alert at the secondary inspection area. The Government's sworn complaint from a DEA agent, on the other hand, averred that the dog alerted in both locations and then further alerted to the bag of marijuana on the bed after entering the truck. In short, Thompson gave no

indication of how the "circumstances surrounding [this] particular alert" undermined the existence of probable cause. *Harris*, 133 S. Ct. at 1057–58. In light of these shortcomings, and in the face of clear circuit precedent allowing probable cause based on a dog's alert, we cannot say that it was an abuse of discretion for the district court to decide the suppression motion without an evidentiary hearing. *See Harrelson*, 705 F.2d at 737 ("General or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice."); *see also United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985) ("A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture, and the court has discretion in determining the need for a hearing."); *United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996) (holding that the defendant was not entitled to an evidentiary hearing where he claimed that the Government failed to show seized money was proceeds from illegal activity but he alleged no facts to support his claim and offered no explanation as to how he legitimately came to possess the money); *cf. Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (holding that "bare allegations" are insufficient to establish a due process claim or warrant an evidentiary hearing on such a claim).

We do not hold that, after *Harris*, a defendant may never obtain an evidentiary hearing based on a claim that a drug-detection dog was manipulated into an alert; rather, we hold only that the bare assertion of manipulation here, with no supporting details or facts, is insufficient to show that the district court abused its discretion by not conducting a hearing.

AFFIRMED.