[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12450
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-22263-MGC


RICARDO M. SIVERIO,

                                                          Plaintiff-Appellant,

                        versus

COMMISSIONER OF SOCIAL SECURITY,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 23, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ricardo Siverio appeals the district court's order affirming the denial under

42 U.S.C. § 405(g) of his application for disability insurance benefits by Social Security Commissioner Michael Astrue. On appeal, Siverio argues that the Administrative Law Judge ("ALJ") erred by finding that he retained the residual functional capacity ("RFC") to perform medium work. He also argues that the ALJ erred by discounting the opinion of his treating physician, Dr. Emilio Suarez.[1] Upon review of the record and consideration of the parties' briefs, we reverse in part and affirm in part.

## I.

We review the Commissioner's factual findings to determine whether they are supported by substantial evidence. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). It is "more than a scintilla, but less than a preponderance." Id. In conducting this review, we may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the ALJ. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir.

---

[1] Additionally, Siverio argues that the ALJ erred by relying on the medical-vocational guidelines, rather than using a vocational expert to determine whether he could perform work that exists in the national economy. In reversing and remanding, we assume the ALJ will rely on the guidelines only if substantial evidence supports a finding that nonexertional impairments do not prevent Siverio from performing a wide range of work at Siverio's work capacity level. See Phillips v. Barnhart, 357 F.3d 1232, 1243 (11th Cir. 2004).

2005).  At the same time, we will reverse where the ALJ fails either to apply the correct law or to "provide [us] with sufficient reasoning for determining that the proper legal analysis has been conducted." Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

II.

A claimant seeking disability insurance benefits must demonstrate that he was disabled on or before the last date on which he was last insured. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  In this case, Siverio needed to demonstrate disability on or before December 31, 2008.

The social security regulations establish a five-step, sequential evaluation process to determine disability for disability benefits claims. See 20 C.F.R. § 404.1520.  The ALJ must evaluate: (1) whether the claimant engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listing of Impairments; or (4) whether the claimant has the RFC to perform his past relevant work; and (5) whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform. See Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)(i)–(v).  Throughout the process, the burden is on the claimant to

3

introduce evidence in support of his application for benefits.  Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

Here, the ALJ found that Siverio was not engaged in substantial gainful activity, had severe impairments that did not meet or equal a listed impairment, and could not perform past relevant work.  When that happens, the ALJ must then determine, at step five, whether the claimant's RFC allows him to perform work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v), (g).

RFC is an assessment of a claimant's remaining ability to do work despite his impairments.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ makes an RFC finding based on all the "relevant medical and other evidence."  20 C.F.R. § 404.1545(a)(3).  The ALJ must consider any statements by medical sources about what the claimant can still do[2] and whether those statements are based on formal medical examinations.  The ALJ must also consider descriptions and observations of the limitations resulting from the claimant's impairments, including limitations that result from symptoms, such as pain.  Id. Only "acceptable medical sources" can provide medical opinions, which are

---

[2] The term "medical sources" refers to both "acceptable medical sources" and other health care providers who are not "acceptable medical sources."  See 20 C.F.R. § 404.1502. "Acceptable medical source" includes treating sources, nontreating sources, and nonexamining sources.  Id.  The regulations identify "acceptable medical sources" as licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.  See id. § 404.1513(a).

4

"statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of" a claimant's impairment, including symptoms, diagnosis and prognosis, what the claimant can still do despite the impairment, and the claimant's physical or mental restrictions. Id. § 404.1527(a)(2).

To describe what kind of work a claimant is able to undertake, the RFC assessment typically adopts one of the following work classifications: sedentary, light, medium, heavy, and very heavy. Id. § 404.1567. Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." Id. § 404.1567(c). Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Id. § 404.1567(b). Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." Id. § 404.1567(a). Social Security Ruling ("SSR") 83-10 further elaborates on sedentary work by providing that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of

5

an 8-hour workday." SSR 83-10, available at 1983 WL 31251.

After thorough review of the record and the parties' briefs, we conclude that substantial evidence does not support the ALJ's finding that Siverio had the RFC to perform medium work. It is undisputed that the ALJ erroneously relied on the RFC assessment of Zuleika Martin as a medical opinion, even though Martin was a "single decision maker" with no apparent medical credential. In Florida, a single decision maker ("SDM") is assigned to make the initial disability determination after "appropriate consultation with a medical or psychological consultant." See 20 C.F.R. § 404.906(b)(2). But the "SDM" designation connotes no medical credentials. See id. § 404.906(a), (b)(2). Indeed, the SSA's Program Operations Manual System ("POMS") explicitly distinguishes RFC assessments produced by an SDM from those produced by a medical consultant, and states that "SDM-completed forms are not opinion evidence at the appeals level." POMS § DI 24510.050, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510050.[3] As an SDM with no apparent medical credential, Martin was not an acceptable medical source. Nonetheless, the ALJ mistakenly treated Martin's opinion that Siverio could

---

[3] We have previously noted that, "[w]hile the POMS does not have the force of law, it can be persuasive." Stroup v. Barnhart, 327 F.3d 1258, 1262 (11th Cir. 2003).

perform medium work as the "expert opinion" of a "DDS physician[]," "State Agency physician[]," and "DDS medical consultant[]."

This was not a harmless error.  The ALJ's opinion shows not only that the ALJ labored under the mistaken belief that Martin's RFC assessment had been authored by a physician, but also that he gave Martin's RFC assessment "significant weight."  The remaining record evidence does not provide substantial evidence for the finding that Siverio was capable of performing medium work.  Other than Martin's opinion, which the ALJ erroneously relied upon as a medical opinion, there is nothing in the record that could have reasonably led the ALJ to conclude that Siverio could occasionally lift fifty pounds and frequently lift twenty-five pounds, and thus perform medium work.  Thus, it appears it was primarily on the basis of Martin's RFC assessment that the ALJ concluded that Siverio could perform medium work.  Because substantial evidence does not support this finding, we reverse and remand for reconsideration of Siverio's RFC.

III.

The ALJ must state with particularity the weight given different medical opinions and the reasons for doing so.  Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).  The ALJ may reject any medical opinion if the evidence supports a contrary finding.  Id.  Nevertheless, a treating physician's opinion about

7

the nature and severity of a claimant's impairment is generally given controlling weight if it is well supported and is not inconsistent with the other substantial evidence. 20 C.F.R. § 404.1527(d)(2). A treating physician's opinion is given "substantial or considerable weight unless 'good cause' is shown to the contrary." Phillips, 357 F.3d at 1240. Good cause exists when: (1) the treating physician's opinion is not bolstered by the evidence; (2) evidence supports a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. Id. at 1240–41.

The ALJ rejected the medical opinion of Siverio's treating physician, Dr. Suarez, in so far as the opinion indicated "that the claimant is not capable of sedentary work." The ALJ's explanation for doing so was that Dr. Suarez's opinion about Siverio's capacity to do sedentary work was "not consistent with the other evidence of record as discussed in the body of the decision." Siverio argues this explanation was insufficient to establish good cause for discounting the opinion of his treating physician. We hold that the ALJ's articulated reason was supported by substantial evidence.

In his February 2008 and January 2009 assessments, Dr. Suarez opined that in an eight-hour workday Siverio could only sit for five hours, stand for two hours, and walk for one hour. Because sedentary work generally requires being able to

sit for approximately six hours total in an eight-hour workday, 20 C.F.R. § 404.1567(a); SSR 83-10, Dr. Suarez's assessments suggested that Siverio may not be capable of sedentary work.

However, other medical evidence indicated the contrary. For example, Dr. Muth found that Siverio could stand, sit, or walk for about six hours in an eight-hour workday, and was thus capable of sedentary work. In addition, in both September 2005 and January 2006, Dr. Cohen indicated that Siverio had no restrictions in his ability to stand, walk, sit, or climb. Thus, there was substantial record evidence that was inconsistent with Dr. Suarez's opinion regarding Siverio's incapacity to perform the full range of sedentary work. The ALJ therefore acted within the bounds of his discretion when he discounted Dr. Suarez's opinion regarding this specific matter. See Phillips, 357 F.3d at 1240–41. Accordingly, we affirm as to this issue.

**REVERSED** in part, **AFFIRMED** in part.