# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10544
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SOHAIL MONSHIZADEH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-254-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Sohail Monshizadeh challenges the sufficiency of the factual basis supporting his guilty plea to the charge of possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Government has filed an opposed motion for summary affirmance, arguing that Monshizadeh's arguments are foreclosed, or in the alternative an unopposed motion for an extension of time in which to file its brief.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10544

Summary disposition in lieu of the traditional appellate process is "necessary and proper" in "cases where time is truly of the essence," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). This court's summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent. *See, e.g., United States v. Lopez*, 461 F. App'x 372, 374 n.6 (5th Cir. 2012). In this appeal, Monshizadeh does not concede that the first issue he raises is foreclosed and opposes the Government's motion for summary affirmance. Therefore, we deny the Government's motion for summary affirmance, *see Groendyke Transp., Inc.*, 406 F.2d at 1162, but we dispense with further briefing because Monshizadeh is not entitled to the relief that he seeks.

Because Monshizadeh did not object to the sufficiency of the factual basis supporting his plea before the district court, our review is for plain error only. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Monshizadeh must show an error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Citing the Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), Monshizadeh first argues that the district court erred by accepting his guilty plea because the penalty provision in § 924(a) requires the Government to prove that the defendant had knowledge that the firearm traveled in interstate commerce under § 922(g)(1) and the factual basis

supporting his plea was not sufficient to sustain a finding that he had such knowledge. Under this court's holding in *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988), a conviction under § 922(g)(1) requires proof that the defendant knew that he had received (or possessed or transported) a firearm or ammunition "but does not require proof that he knew that the [ammunition] had an interstate nexus or that he was a felon." *United States v. Schmidt*, 487 F.3d 253, 254 (5th Cir. 2007). In *United States v. Rose*, 587 F.3d 695, 705 (5th Cir. 2009), this court held that *Dancy* was still good law even after the Supreme Court's decision in *Flores-Figueroa*, which addressed the mens rea element of a different statute. Accordingly, Monshizadeh fails to show error, plain or otherwise.

Relying on *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012), Monshizadeh next contends that § 922(g)(1) is unconstitutional because it exceeds the federal government's power under the Commerce Clause on its face and as applied to him and, therefore, the district court should not have accepted his guilty plea. As Monshizadeh concedes, his Commerce Clause argument is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013) (rejecting a similar challenge to the constitutionality of § 922(g)(1)).

The judgment of the district court is AFFIRMED. The Government's opposed motion for summary affirmance is DENIED, and its alternative unopposed motion for an extension of time to file its brief is DENIED as unnecessary.