# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60489
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2025

Lyle W. Cayce
Clerk

German Enrique Artiga-Mejia; Dereck Samuel Artiga-Pilarte,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A202 002 819,
A202 002 820

———————————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

German Enrique Artiga-Mejia and his son Dereck Samuel Artiga-Pilarte are natives and citizens of El Salvador. They petition this court to review the Board of Immigration Appeals (BIA)'s decision affirming an immigration judge's denial of their applications for asylum and withholding

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of removal. The Government moves for summary affirmance and alternatively requests additional time to file an appellate brief. The petitioners oppose summary affirmance.

To be eligible for asylum, an applicant must show, among other things, that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Withholding of removal requires a showing that the applicant more likely than not would be persecuted on account of one of those protected grounds. *Gonzales-Veliz*, 938 F.3d at 224.

Because the BIA affirmed without opinion, the immigration judge's decision is the proper focus of our review. *See Lopez-Perez v. Garland*, 35 F.4th 953, 956 (5th Cir. 2022). Although summary affirmance is not appropriate given the petitioners' opposition, *see United States v. Monshizadeh*, 679 F. App'x 359, 360 (5th Cir. 2017) (unpublished) (per curiam) ("This court's summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent."),[1] the Government is correct that the petitioners have not adequately briefed any argument challenging the immigration judge's factual determinations that they failed to show past persecution, a well-founded fear of future persecution, or the requisite nexus to a protected ground. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023) (per curiam) ("[W]e review the factual determination that an individual is not eligible for asylum or withholding of removal for substantial evidence. . . . Under the substantial-evidence standard, reversal is improper unless the evidence not

---

[1] Unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, 5TH CIR. R. 47.5.4, but they "may be persuasive authority," *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

only supports a contrary conclusion but compels it."). The petitioners have thus abandoned any challenge to those determinations. *See Medina Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023). Accordingly, further briefing is unnecessary.

The Government's motion is DENIED, and we DISPENSE with further briefing. The petition for review is DENIED.