# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2025

Lyle W. Cayce
Clerk

No. 24-50816
Summary Calendar

─────────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUDY ALTAMIRANO,

*Defendant—Appellant*.

─────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-77-1

─────────────

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Rudy Altamirano pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). His predicate felonies include theft of a firearm and possession of a controlled substance. On appeal, he argues that the statute of conviction violates the Commerce Clause and the Second Amendment, both on its face and as applied to him, in light of the

───────────────

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50816

test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He further contends that the as-applied analysis outlined by this court in *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, 2025 WL 1727419 (U.S. June 23, 2025) (No. 24-6625), is incorrect and should be confined to its facts—§ 922(g)(1) convictions involving the predicate felony of vehicle theft. The Government moves for summary affirmance or, in the alternative, an extension of time to file a brief.

The Government is correct that Altamirano's arguments are foreclosed. *See United States v. LeBlanc*, No. 24-30036, 2025 WL 2218881, at *2 (5th Cir. Aug. 5, 2025) ("Because 'our country has a historical tradition of severely punishing people . . . who have been convicted of theft,' we held that 'disarming [the defendant] fits within this tradition of serious and permanent punishment.'") (citation omitted); *Diaz*, 116 F.4th at 462, 467-72 (holding that because "theft . . . would have led to capital punishment or estate forfeiture[,] [d]isarming [the defendant] fits within this tradition of serious and permanent punishment"); *United States v. Schnur*, 132 F.4th 863, 871 (5th Cir. 2025) (holding that for "theft-related felony convictions, *Diaz* forecloses [a defendant's] as-applied challenge"). And Altamirano concedes that his *facial* challenge and Commerce Clause arguments are foreclosed. However, because he does not concede that *all* his arguments are foreclosed, summary affirmance is not appropriate. *See United States v. Monshizadeh*, 679 F. App'x 359, 360 (5th Cir. 2017).

Nevertheless, because *Diaz* and *Schnur* are dispositive, we affirm the district court's judgment without further briefing. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

For these reasons, the motion for summary affirmance is DENIED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.