[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1638

UNITED STATES,

Appellee,

v.

JOSE LUIS CINTRON MORENO, a/k/a LUIS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

---

Before

Lipez, Circuit Judge,
Campbell and Cyr, Senior Circuit Judges.

---

Jose Luis Cintron Moreno on brief pro se.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.

---

March 22, 2001

---

**Per Curiam**. Jose Luis Cintron Moreno appeals pro se from the summary denial of a motion for return of property filed pursuant to Fed. R. Crim. P. 41(e) some months after the completion of criminal proceedings against him. The appeal is timely because such motions should be treated as civil, equitable actions, see United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995), and, thus, the sixty-day time period under Fed. R. App. P. 4(a)(1)(B) applies, see United States v. Bein, 214 F.3d 408, 411 n.3 (3d Cir. 2000) (citing cases). Cintron Moreno's notice of appeal was filed well within the sixty-day period. For the following reasons, we vacate and remand.

In his filings before the district court, Cintron Moreno sought the return of various personal and business property including checks, cash, jewelry, a pickup truck, two cellular phones, a black sport pouch, credit cards, lottery tickets, business records, various licenses and identification cards, and miscellaneous other items. Most of this property was allegedly seized during a search of Cintron Moreno's residence on April 9, 1997. Cintron Moreno requested that these items be returned to his daughters, through his attorney, and not his step-daughter. He stated

that he had never received notice of forfeiture with respect to the pickup truck but that it was being used by federal agents.[1]

The government moved to dismiss representing that, approximately one month prior to the filing of the Rule 41(e) motion, the Drug Enforcement Administration ("DEA") had returned to Cintron Moreno's step-daughter 17 cardboard boxes "containing all the documents impounded during the search and seizure of April 9, 199[7]." In support of this representation, the government produced a copy of a signed receipt. The government further represented that no jewelry was seized from Cintron Moreno. In support of this latter representation, the government produced a five page DEA search warrant inventory list (which does not list any jewelry). The list indicates that at least 21 boxes of items were seized from Cintron Moreno's residence. Finally, the government represented that it "had reviewed all administrative forfeitures from 11/1/97 to 11/2/99 and the aforementioned vehicle has not been seized or forfeited by the government."

---

[1]On appeal, Cintron mentions for the first time that the black sport pouch contained a pistol and ammunition. However, in response to the government's argument that, as a convicted felon, he cannot lawfully possess a firearm or ammunition, he disavows any claim to return of these particular items.

Cintron Moreno filed a reply to the government in which he argued, inter alia, that since the inventory list reveals that at least 21 boxes were removed from his residence, not all of the seized property could have been returned to his step-daughter. He further suggested that the inventory list was incomplete, and he stated that jewelry had been removed from his person at the time of his arrest. Cintron Moreno complained that he had never given permission for his property to be returned to his step-daughter. Finally, he objected to the government's representation that his vehicle had not been seized, suggesting that it had been seized by the United States Customs Service.

Based on this record, we think that summary denial of the motion for return of property was inappropriate. The government has never explained the discrepancy between the number of boxes seized (21) and the number of boxes returned (17). Although the government insists that no currency was seized, the DEA search warrant inventory list indicates that over $ 500 in currency was seized from the residence. We think that there was insufficient evidence from which the district court could conclude that everything seized, and not properly retained, was returned. In addition, the

government now concedes that Cintron Moreno's pickup truck was administratively forfeited by Customs on some unspecified date. On remand, the district court must determine whether, in fact, the government retains any property, and if not, what happened to it. See United States v. Chambers, 192 F.3d 374, 378 (3d Cir. 1999); United States v. Rufu, 20 F.3d 63, 64 (2d Cir. 1994) (per curiam). The court must also determine whether it was proper to return property to Cintron Moreno's step-daughter. Cf. Chambers, 192 F.3d at 378 (requiring district court to determine whether it was proper to surrender property to third party). Further, inasmuch as Cintron Moreno has asserted that he was not provided notice of the forfeiture of his vehicle, the district court should permit him to amend his motion to assert this collateral attack on the forfeiture. See id.

If the district court determines that the government lost or improperly disposed of property, it shall determine what remedies, if any, are available. Compare Mora v. United States, 955 F.2d 156, 159-160 (2d Cir. 1992) (damages available); United States v. Martinson, 809 F.2d 1364, 1368 (9th Cir. 1987) (same) with United States v. Jones, 225 F.3d 468, 469-70 (4th Cir. 2000)

-5-

(damages not available), petition for cert. filed, (U.S. Dec. 12, 2000) (No. 00-7542); United States v. Bein, 214 F.3d 408, 412-16 (3rd Cir. 2000) (same). We intimate no opinion in this regard.

Finally, to the extent that Cintron Moreno is attempting on appeal to challenge the forfeiture of certain real estate, this issue is foreclosed. A final order of forfeiture as to the real estate entered on May 25, 1999. Cintron Moreno filed a tardy notice of appeal from this order, and this court dismissed the appeal for lack of jurisdiction. United States v. Cintron Moreno, No. 00-1391 (1st Cir. May 1, 2000) (unpublished judgment). Cintron Moreno cannot now attempt to insinuate the issue into this appeal from the denial of a motion seeking return of personal and business property.

Vacated and remanded.