# United States Court of Appeals
## For the First Circuit

No. 07-1748

UNITED STATES,

Appellee,

v.

JOAQUÍN EMILIO CARDONA-SANDOVAL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Lipez and Howard,
Circuit Judges.

Joaquin E. Cardona-Sandoval on brief pro se.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Germán A. Rieckehoff, Assistant U.S. Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

February 25, 2008

**Per Curiam**.  This appeal is from the district court's order denying appellant's motion under Fed.R.Crim.P. 41(g) for the return of property seized at the time of his arrest.  The limited question before us is whether the government's response to that request provided an adequate evidentiary basis for the court's decision.

## BACKGROUND

Appellant Cardona-Sandoval (Cardona) entered a straight plea of guilty to an indictment charging him with (1) possession with intent to distribute more than 1,000 kilograms of marijuana on board a vessel subject to the jurisdiction of the United States, and (2) participation in a conspiracy to do the same, in violation of 46 U.S.C. App. § 1903 (2004)(currently 46 U.S.C. § 70503).  He was sentenced to serve 135 months in prison in a judgment imposed on November 29, 2004.  The judgment was affirmed on appeal. United States v. Cardona-Sandoval, No. 05-1022 (1st Cir. Mar. 17, 2006)(unpub).

The parties agree that various items belonging to Cardona were seized at the time of his arrest.  Prior to the entry of Cardona's plea, the government had filed a notice of designation of evidence pursuant to Fed.R.Crim.P. 12(b)(4), dated August 11, 2004, which included the category "Personal items of the defendants found on the vessel."

In May of 2006, shortly after the conclusion of his direct appeal, Cardona moved under Fed.R.Crim.P. 41(g) to have certain personal items returned.[1] The motion requested the return of all personal property, some of which was specified as followed:

> GPS Yellow Garmin, Blue Agenda (date book), Black Watch, Belt, Nine Thousand Colombian Pesos, and other personal articles....

Attached to the motion was a copy of a Drug Enforcement Administration (DEA) form receipt signed by Special Agent Jesus Gonzales, dated April 19, 2004. This receipt listed the same items named by Cardona in his motion.

The government's response to Cardona's request asserted that the DEA Caribbean Division did not have possession of any of the defendant's personal property, "with the exception of items seized as evidence." The government explained:

> Pursuant to agency regulations, the defendant's personal items were destroyed on or about April 28, 2006 by the DEA because the defendant and/or his representative refused to accept responsibility for the items.

Attached to the government's response were four DEA form receipts, identified as coming from Cardona's file, each containing the handwritten notation "Destruction of property owners refused to receive." The four lists identified the property destroyed as a

---

[1] Rule 41(g) reads in pertinent part: A person aggrieved ... by the deprivation of property may move for the property's return. ... The court must receive evidence on any factual issue necessary to decide the motion. ...

backpack and three other carrying bags, many items of clothing (including a belt), and one photograph.  With the exception of the belt, the government response made no reference to any of the property specifically identified in Cardona's request.

Cardona appeals from the district court's margin order denying his second Rule 41(g) request for the return of his property, filed in January, 2007.[2]

## ANALYSIS

The parties do not dispute that a person convicted of an offense is entitled to the return of property seized at the time of his arrest, unless that property falls into certain categories.

> Once seized property is no longer needed as evidence, a criminal defendant is presumed to have the right to its return. ... However, a Rule 41(g) motion is

---

[2] Cardona's second request for the return of his property was identical to one filed the previous May.  The government responded to the first request with the statements discussed in this opinion. The government's response to the second request asserted only that the second request was frivolous as the earlier request had already been denied; no further information regarding Cardona's property was offered.  Each request was denied by the district court in light of the government's response. Cardona appealed from the district court order denying his second request.  In his notice of appeal, Cardona asserted that he had never received a copy of the government's responses. Neither this duplication of requests, responses, and orders, nor the reasons therefore, bear on the question before the court.

The government certified that its first response was filed electronically with the court and sent by regular mail to appellant. The government certified that its second response was filed electronically with the court "which will send notification of such filing to all attorneys of record."

-4-

> properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues.

United States v. Pierre, 484 F.3d 75, 87 (1st Cir. 2007)(internal quotation and citation omitted; punctuation adjusted). The government does not claim that the items requested in Cardona's motion are contraband, subject to forfeiture, or needed as evidence.

Given Cardona's presumptive right to his property, we do not view the government's response to his request as adequate to support the district court's decision. First, the government's response failed to address the status of the property specified. On the face of the documents submitted by the parties, it is clear that the government made no reference to the location or destruction of items both identified by Cardona and specifically listed in the receipt recorded at the time of his arrest: the GPS, the datebook, the watch, or the cash. This, silence, in itself, would render the government's filing unresponsive to Cardona's request. Thus, as to these items, the motion was decided in the absence of any evidence or even any relevant statement by the government.

Second, Cardona sought "other personal articles," in addition to those specifically identified. The government provided

the court with no information as to how and when Cardona was first notified of the impending destruction of his other personal articles and then given the opportunity to receive the property he purportedly refused.

When the government intends to make permanent the deprivation of property seized at the time of an arrest, whether through forfeiture or destruction of that property, adequate notice is required. While there is no bright-line test for adequacy of notice, reasonableness is the touchstone. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36 (1st Cir. 2001).[3] Notice should be reasonably calculated to apprise the interested party of the impending action and afford him or her an opportunity to present objections.

In the instant case, the government failed to supply the court with any information as to when or where Cardona was notified that it intended to destroy his property and how his refusal to receive it was communicated. Thus, the government's response supplied the court with no evidence as to the status of the specified property

_____

[3] We have had occasion to address the adequacy of notice in a situation analogous to the appeal before us, where the government refused to return property not because it was destroyed but because of an administrative forfeiture. We held that the government's sending of notice of an impending administrative forfeiture to the home address of a person it knew to be incarcerated was not adequate. United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995).

and no information regarding notice and the procedure followed prior to the destruction of the remainder of the property.

We have held in previous appeals that the government failed to meet its obligation under Rule 41(g) to present sufficient evidence to the district court to permit adjudication of the dispute over the return of seized property. For example, in United States v. Uribe-Londono, 238 Fed. Appx. 628, 629-30 (1st Cir. 2007)(unpub), following his conviction on child pornography charges, petitioner requested return of seized property pursuant to Rule 41(g). Uribe-Londono asserted that property he sought contained no information relating to minors or child pornography. The government countered that the property was "derivative contraband," but it failed to submit any evidence to substantiate this assertion. Therefore, this court held, it was not "apparent" that the property was derivative contraband. The district court's denial of the motion was reversed and the case was remanded. In United States v. Cintron-Moreno, 6 Fed. Appx. 23 (1st Cir. 2001), due to the government's failure to adequately account for the property requested, we held that there was insufficient evidence from which the district court could conclude that everything not properly retained had been returned to appellant.

We have not held and do not now hold that an evidentiary hearing is necessary. Affidavits or documentary evidence, such as chain of custody records, may suffice to support the district

-7-

court's determination in a given case. But an evidentiary determination is necessary to ensure that there is sufficient evidence to support the court's decision.

Other courts of appeal agree that denial of a Rule 41(g) motion for return of property based on the government's bare assertion that it no longer retains possession of the property is error. In United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007), appellant's Rule 41(g) motion requested the return of his property, which included several thousand dollars worth of cash. The government responded that various items had either been forfeited, destroyed, or returned to a credit union that had suffered a robbery. The district court denied the Rule 41(g) motion on the ground that Stevens was not entitled to the return of his property because it was no longer in the possession of the government. The Seventh Circuit, noting that arguments in a government filing are not evidence, vacated and remanded for the taking of evidence and the finding of facts in regard to the current status of the property. The Third Circuit has held that the district court must determine what happened to property requested under Rule 41(g) but not returned. If it concludes that the government's actions were not proper, it must determine what remedies are available. Peloro v. United States, 488 F.3d 163, 177 (3d Cir. 2007).

The Second Circuit has noted that the DEA is presumed to keep records of the properties it seizes and stores under Department of Justice regulations found at 41 C.F.R. § 128-50.101.[4] "With these records at hand, is should be a simple matter for the Government to establish on remand what property was seized from Rufu and how that property was disposed of." Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994). The court found the government response - an assertion that it had returned the property to Rufu's designee - inadequate to support the district court's denial of the Rule 41(e) [now 41(g)] motion.[5] Among other defects, as in Cardona's case, the government's description of the items it had purportedly returned did not match the description of the items sought by Rufu. The government had not accounted for all of the petitioner's property in its possession despite the

---

[4] The DOJ regulation, 41 C.F.R. § 128-50.101, reads in pertinent part:

Each bureau shall be responsible for establishing and maintaining inventory records of its seized personal property to ensure that:
(a) The date the property seized is recorded;
(b) All of the property associated with a case is recorded together under the case name and number;
(c) The location of the storage of the property is recorded;
(d) A well documented chain of custody is kept; and
(e) All information in the inventory records is accurate and current.

[5] In 2002, Rule 41 was amended and reorganized. What was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes.

government's obligation to keep records that would have supplied the pertinent information.

As the Third Circuit noted in <u>United States</u> v. <u>Albinson</u>, 356 F.3d 278 (3d Cir. 2004), the required evidentiary determination may prove beneficial in a number of ways. It might assist in the recovery of property by triggering an investigation that results in the discovery or recovery of property the government initially thought to be lost or destroyed. It also provides an incentive for the government to retain accurate records of seized property, consistent with its regulatory obligations, as record-keeping renders the burden of an evidentiary inquiry minimal. And, if the property cannot be located, an evidentiary hearing can determine what, in fact, happened to the property.

### CONCLUSION

The district court denied Cardona's request for the return of his property despite the fact that the government's response made no reference to the location or destruction of items both specifically requested by Cardona and specifically listed in the receipt recorded at the time of his arrest. Moreover, the government provided the court with no information identifying how and when Cardona was notified of the impending destruction and given the opportunity to receive the property he purportedly refused. Finally, what assertions the government did make were not supported by evidence.

-10-

The government devoted the lion's share of its brief to addressing the question of whether or not Cardona is entitled to damages if his property cannot be returned, concededly a vexing question. <u>See e.g.,</u> <u>Clymore</u> v. <u>United States</u>, 415 F.3d 1113 (10th Cir. 2005)(and cases cited therein). But the question of remedies arises only after the district court has investigated the status of the seized property. <u>Peloro</u> v. <u>United States</u>, 488 F.3d at 177. As it may turn out that the government possesses many of the items requested, for which it has not submitted an accounting, the question of remedies if Cardona's property is not returned is premature.

The order of the district court is <u>vacated</u> and the cause is <u>remanded</u> for an evidentiary determination regarding the status and location of Cardona's property.