# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2011

No. 10-10423

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS GLORIA,

Defendant - Appellant

Appeal from the United States District Court
of the Northern District of Texas
U.S.D.C. No. 4:00-cr-00279-A-2

Before JONES, Chief Judge, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jesus Gloria ("Gloria") appeals the district court's judgment revoking his term of supervised release and sentencing him to twenty-four months' imprisonment. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10423

## I.

On April 13, 2001, Gloria was sentenced in the Northern District of Texas to eighty-seven months' imprisonment and five years' supervised release for the offense of possession with intent to distribute cocaine and aiding and abetting. As part of the conditions of his supervised release, Gloria was ordered to remain outside of the United States if deported and not to commit another federal, state, or local crime.   Gloria was deported after completion of his term of imprisonment.

On January 25, 2009, Gloria was arrested at the Eagle Pass, Texas, Port of Entry.  On March 5, 2009, Gloria pleaded guilty in the Western District of Texas to the offense of illegal re-entry into the United States. Gloria was sentenced to forty-six months' imprisonment to be followed by three years' supervised release.

On April 15, 2010, the district court for the Northern District of Texas revoked Gloria's term of supervised release for violating the conditions referenced above, and sentenced him to twenty-four months' imprisonment, to run consecutive to the sentence imposed in the Western District of Texas, followed by twenty-four months' supervised release.  Gloria appealed.

## II.

18 U.S.C. § 3583(e) lists certain factors set forth in 18 U.S.C. § 3553(a) that courts are to consider before revoking a term of supervised release.  In this appeal, Gloria argues that the district court erred in imposing its revocation sentence by improperly relying on 18 U.S.C. § 3553(a)(2)(A), the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[,]" which is not included in the list of factors to be considered by district courts pursuant to 18 U.S.C. § 3583(e). 18 U.S.C. § 3553(a)(2)(A).

At his sentencing hearing, Gloria objected only to the "reasonableness" of

2

No. 10-10423

the sentence imposed. A claim of error must be presented to "'the district court in such a manner so that the district court may correct itself and thus, obviate the need for [appellate] review.'" *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994) (quoting *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994)). As Gloria did not raise the issue of an improper sentencing factor before the district court, we review only for plain error.

"This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Garcia-Rodriguez*, 415 F.3d 452, 454 (5th Cir. 2005) (citations omitted). "'If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005)).

In this case, both orally at sentencing and in its written judgment, the district court indicated that it had considered all of the factors outlined in 18 U.S.C. § 3553(a). Although the district court did not explicitly reference § 3553(a)(2)(A), the district judge stated at sentencing that Gloria's illegal reentry "show[ed] a serious disrespect for the law."

In *United States v. Miller*, we held for the first time that "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term." 634 F.3d 841, 844 (5th Cir. 2011). However, we affirmed the district court's judgment because at the time of sentencing "our circuit's law on this question was unclear and therefore, that court's consideration of § 3553(a)(2)(A) was not an obvious error." *Id.*

Subsequently, in the unpublished opinion of *United States v. LeBoeuf*, we affirmed the district court's judgment on plain error review, in spite of a challenge that the district court had improperly relied on § 3553(a)(2)(A) as a basis for its revocation sentence, in part because "[a]t the time of the district

No. 10-10423

court proceedings, our own circuit law as to whether the court could consider § 3553(a)(2)(A) when imposing a revocation sentence was unsettled[,]" and there is a circuit split on this question. No. 10-10849, 2011 WL 3279203, at *3 (5th Cir. 2011).

Likewise, Gloria has not shown that the district court plainly erred by relying on the factors set forth in 18 U.S.C. § 3553(a)(2)(A). At the time of Gloria's sentencing, *Miller* had not been decided, and there is a split of authority among other circuits on this issue. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006); *United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006); *United States v. Lewis*, 498 F.3d 393, 399-400 (6th Cir. 2007). Accordingly, even if the district court erred by relying on 18 U.S.C. § 3553(a)(2)(A), this error was not clear or obvious. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) (holding that because of unsettled case law, the second prong of the plain error test could not be satisfied).

## III.

For the foregoing reasons, we AFFIRM the district court's judgment.