# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2011

No. 10-11219
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL WELDON NEWMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-30-3

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael Weldon Newman appeals the district court's judgment revoking his term of supervised release and sentencing him to 24 months of imprisonment. He argues that the district court improperly considered the factors set forth in 18 U.S.C. § 3553(a)(2)(A). Those factors are the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2)(A). The Government has moved for summary affirmance or, alternatively, for an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11219

extension of time within which to file a brief.  The Government argues that, if the district court erred, any error was not clear or obvious at the time Newman was sentenced and the district court's judgment was thus neither plainly unreasonable nor plain error.

Because Newman did not object in the district court that the court considered a prohibited factor in setting his sentence, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  To show plain error, Newman must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009).

After Newman was sentenced, while the instant appeal was pending, we decided *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), *cert. denied*, 2011 WL 2148772 (Oct. 31, 2011) (No. 10-10784).  In *Miller*, we held that "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term."  634 F.3d at 844.  To the extent that the district court relied on the § 3553(a)(2)(A) factors, such reliance was impermissible under *Miller*.  However, the split amongst the circuit courts of appeals on the issue and the lack of a published opinion from this court at the time of the district court proceedings rendered any consideration of the § 3553(a)(2)(A) factors neither clear nor obvious legal error.  *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007); *United States v. Gloria*, No. 10-10423, 2011 WL 3966101, at *2 (5th Cir. Sept. 7, 2011).  Thus, Newman has shown no plain error.  *See Puckett*, 129 S. Ct. at 1429.

Although we conclude that the judgment should be affirmed without further briefing, summary disposition is not appropriate.  *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).  Thus, we deny the Government's motion for summary affirmance or, alternatively, for an extension of time to file a brief.

JUDGMENT AFFIRMED; MOTION DENIED.