# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2011

Lyle W. Cayce
Clerk

No. 10-11152
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

ANTOINE T. DAVIS,

                    Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-136-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antoine T. Davis appeals the revocation of his supervised release terms for his convictions of possession with intent to distribute cocaine base (Count 1) and possession of a firearm by an unlawful user of controlled substances (Count 3). Upon the revocation of his supervised release terms, he was sentenced to 36 months of imprisonment as to Count 1 and 24 months of imprisonment as to Count 3, to run consecutively. The district court stated that it was sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11152

Davis "for the purposes of punishment and deterrence, as well as meeting the other factors as set forth in [18 U.S.C. § 3553(a)]."

Davis argues that the district court reversibly erred when it sentenced him for the purpose of punishment because this purpose is included as a sentencing factor under § 3553(a)(2)(A) and because this court held in *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011), *cert. denied,* ___ S. Ct. ___, No. 10-10784, 2011 WL 2148772 (Oct. 31, 2011), during the pendency of his appeal that the § 3553(a)(2)(A) sentencing factors may not be considered in the revocation of supervised release. The Government has moved for summary affirmance or, alternatively, for an extension of time to file a brief.

Because Davis objected only generally to the reasonableness of his revocation sentence, this issue is reviewed for plain error only. *See United States v. Dunigan,* 555 F.3d 501, 506 (5th Cir. 2009). To show plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If an appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In *Miller*, which was decided after Davis was sentenced and while the instant appeal was pending, we held that "it is improper for a district court to rely on § 3553(a)(2)(A) for the modification or revocation of a supervised release term." 634 F.3d at 844. To the extent that the district court relied on a § 3553(a)(2)(A) factor, such reliance was impermissible under *Miller*. However, the split amongst the circuit courts of appeals on the issue and the lack of a published opinion from this court at the time of the district court proceedings rendered any consideration of the § 3553(a)(2)(A) factors neither clear nor obvious legal error. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007); *United States v. Gloria*, No. 10–10423, 2011 WL 3966101, at *2 (5th Cir. Sept. 7, 2011). Accordingly, Davis has not demonstrated plain error. *See Puckett*, 129 S. Ct. at 1429.

No. 10-11152

Although we conclude that the judgment should be affirmed without further briefing, summary disposition is not appropriate. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). Thus, we deny the Government's motion for summary affirmance or, alternatively, for an extension of time to file a brief.

JUDGMENT AFFIRMED; MOTION DENIED.