# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2013

No. 13-60035
Summary Calendar

Lyle W. Cayce
Clerk

RUBEN TORRES-ORTEGA, also known as Guillermo Torres-Ortega, also known as Ruben Torres,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 095 233

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ruben Torres-Ortega, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial by the Immigration Judge (IJ) of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA concluded, relevant to the instant petition, that Torres-Ortega had failed to show that membership in a particular social group (PSG) would be one

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

central reason for any feared future persecution. It also concluded that Torres-Ortega had not shown that he would more likely than not be tortured with the consent or acquiescence of public officials if he were returned to Mexico. The respondent has moved for summary disposition of Torres-Ortega's petition.

Torres-Ortega's alleged refugee status was based on his membership in two separate but related PSGs. The first putative group is made up of "entrepreneurs and private enterprise owners and their family members." The second putative group is Americanized individuals returning to Mexico from the United States who are perceived as potentially wealthy. These two groups, he alleged, were at increased risk of kidnapping and extortion by criminal cartels in Mexico.

In considering whether a PSG exists, the BIA considers "(1) whether the group's shared characteristic gives the members the requisite *social visibility* to make them readily identifiable in society and (2) whether the group can be defined with sufficient *particularity* to delimit its membership." *Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (emphasis in original) (quotation marks and citation omitted). The BIA's use of these criteria is permissible, and its interpretation of "a particular social group" based on these criteria is entitled to deference unless it is arbitrary and capricious. *Id.* at 520-21. In this case, the BIA concluded that the putative PSG of business owners or wealthy people was too broad to be defined with sufficient particularity. It concluded that the putative group of Americanized aliens returning to Mexico was merely a subset of the individuals perceived to have wealth in Mexico, and wealth was not an enumerated ground for asylum.

Torres-Ortega asserts that the putative PSG of business owners in Mexico can be defined with sufficient particularity because only a limited number of Mexicans own businesses. He provides no authority for this statement, however, stating only that the shared experience of business ownership would be sufficient to constitute a PSG. He also asserts that the membership of both of

2

his putative PSGs would be limited and finite in a rural area like his hometown of Guanajuato, Mexico. He does not, however, address whether such groups would be as limited and finite in more densely populated areas of Mexico. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 446 (5th Cir. 2001) (stating that asylum is not warranted if an alien can safely relocate within his country); 8 C.F.R. § 208.13(b)(1)(i)(B), (b)(2)(ii).

We conclude that Torres-Ortega has not shown that the record compels a conclusion contrary to that of the BIA that he was ineligible for asylum. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). The standard for receiving withholding of removal is higher than that for receiving asylum. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). Thus, because Torres-Ortega has not shown eligibility for asylum, "*a fortiori*, he is ineligible for withholding of deportation." *Jukic v. I.N.S.*, 40 F.3d 747, 750 (5th Cir. 1994).

We turn now to the denial of relief under the CAT. An alien seeking relief under the CAT must show that it is more likely than not that he would be tortured upon return to his home country. *Chen*, 470 F.3d at 1139. Torture is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Torres-Ortega challenges the BIA's determination that he had not shown the required government acquiescence in light of record evidence that the Mexican government was not willfully blind to the cartels' activities. However, he does not address the BIA's additional findings that he had not been tortured in the past, that Torres-Ortega was not currently being sought by anyone in Mexico, and that general violence by criminal cartels was insufficient to show an eligibility for relief. Torres-Ortega's conclusional assertions that he will be tortured if he returns to Mexico are insufficient to compel a conclusion different from that reached by the BIA. *See Chen*, 470 F.3d at 1134.

No. 13-60035

Summary disposition is not appropriate in this case, and the respondent's motion is thus DENIED. *See United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006). However, because the record before us does not compel findings different from those of the IJ or the BIA, *see Chen*, 470 F.3d at 1134; *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), we DISPENSE WITH FURTHER BRIEFING. Torres-Ortega's petition for review is DENIED.