# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 13-30703
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NDEM ODUU,

Defendant - Appellant

———

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CR-127

———

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ndem Oduu, federal prisoner # 05855-095, appeals the district court's denial of his motion for the return of property, which he filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. The district court denied the motion after finding that the Government had already returned all property belonging to Oduu in its possession.

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30703

**I.**

In September 2011, officers with the Denham Springs Police Department stopped a rental car driven by Ndem Oduu for speeding. After obtaining Oduu's consent to search the car, the officers found, inter alia, four counterfeit driver's licenses; 22 prepaid debit cards; an Acer Aspire One laptop computer; an Iomega external hard drive; lists containing the names, dates of birth, social security numbers, and addresses of about 97 individuals; and $3,557.76 in cash. The officers arrested Oduu.

The officers contacted Jacquelyn Norris, a special agent with the United States Secret Service. Norris met the officers, examined the evidence recovered during the traffic stop, and interviewed Oduu.

In October 2011, a federal grand jury charged Oduu with possession of 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) (count one) and identity theft in violation of 18 U.S.C. § 1028(a)(7) (count two). The indictment also contained a forfeiture allegation, which indicated that Oduu would forfeit "any personal property used or intended to be used to commit the offense . . . and property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as the result of" the offense.

Oduu eventually pleaded guilty to count one pursuant to a written plea agreement. In his plea agreement, Oduu waived his right to appeal his conviction and sentence, reserving only his right to (1) appeal any punishment that (a) exceeded the statutory maximum, (b) constituted an upward departure pursuant to the Guidelines, or (c) was above the Guidelines range calculated by the court, and (2) bring an ineffective assistance claim. Oduu also agreed to forfeit (1) all funds contained in accounts associated with the 22 prepaid debit cards, including but not limited to $27,144.02 that had been seized pursuant to a warrant; (2) the Acer Aspire One laptop computer; and (3) the

2

Iomega external hard drive.  Oduu waived his right to appeal or collaterally challenge the forfeiture.

The district court sentenced Oduu to 51 months in prison, which was at the top of his advisory Guidelines range of imprisonment, and two years of supervised release.  Oduu timely appealed.

While his appeal was pending, Oduu filed a second pro se Rule 41(g) motion for the return of personal property not subject to forfeiture. Specifically, Oduu requested that the Government return $3555.70 in cash, a driver's license, school books, passports, clothing, and other personal items that were in his rental car when he was arrested.  The Government responded to Oduu's motion, asserting that it did not possess the personal property Oduu was seeking to have returned.  The Government explained that it had seized only the property which was subject to forfeiture and that the Denham Springs Police Department might have the remainder of Oduu's property since it had impounded Oduu's rental car.  However, the Government did admit that it had found within its possession Oduu's driver's license, and stated that it had mailed the driver's license to him.

The district court denied Oduu's motion since the Government had "returned all property of [Oduu] that it ever had in [its] possession."  The next day, the district court received Oduu's reply to the Government's response.  In his reply, Oduu conceded that the Denham Springs Police Department had his cash.  He maintained, however, that the Secret Service had seized all of his other property.  Oduu timely appealed the district court's denial of his motion.

We subsequently affirmed Oduu's conviction and sentence.[1]

---

[1] *United States v. Oduu*, No. 12-30943, 2013 WL 4866317 (5th Cir. Sept. 13, 2013).

No. 13-30703

## II.

Oduu argues that the district court erred in denying his Rule 41(g) motion. He contends that the Government's response to his first motion (i.e., that it would advise him how to retrieve any property it may have) indicates that the Government has his property.

The Government has moved for summary affirmance, contending that no error occurred. The Government contends that although Agent Norris seized the property Oduu used to commit the offense of conviction, she did not seize the property Oduu is seeking to have returned. The Government alternatively argues that Oduu's appeal is barred by the appeal waivers in his plea agreement.

In his reply, Oduu argues that the district court erred in relying on the Government's bare assertion that it did not possess the property. He also contends that the appeal waivers are inapplicable since he is seeking the return of properties not subject to forfeiture.

Summary affirmance is proper when "time is truly of the essence or where the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."[2] The summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent.[3] Oduu does not concede that his argument is foreclosed, and the Government has failed to identify controlling authority foreclosing Oduu's argument. Thus, we DENY the motion for summary affirmance.[4]

---

[2] *United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006) (internal quotation marks and citation omitted).

[3] *See, e.g.*, *United States v. Ortiz-Grajeda*, 95 F. App'x 589, 590 (5th Cir. 2004) (per curiam).

[4] *See Holy Land Found. for Relief & Dev.*, 445 F.3d at 781; *see also United States v. Godfrey*, 449 F. App'x 383, 383 (5th Cir. 2011) (per curiam) ("Because the Government has

4

However, we DISPENSE with further briefing as the Government's motion and Oduu's response adequately address the parties' positions.

A person whose property has been seized by the government may file a motion under Federal Rule of Criminal Procedure 41(g), formerly codified in Rule 41(e),[5] for the return of the property:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.[6]

We review de novo a district court's interpretation of Rule 41(g), and review factual determinations concerning ownership or lawful possession for clear error.[7]

Here, both parties disputed at the district court whether the Government ever possessed the non-forfeited property that Oduu seeks. A finding that the government actually possesses the property sought is a necessary predicate to the resolution of a Rule 41(g) motion.[8]

The real question presented here is which party bears the evidentiary burden under a Rule 41(g) motion? "If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show

---

failed to point to controlling authority from this circuit or the Supreme Court that forecloses [the defendant's] claim, summary affirmance is inappropriate.").

[5] *United States v. Robinson*, 434 F.3d 357, 360 n.2 (5th Cir. 2005).

[6] Fed. R. Crim. P. 41(g).

[7] *United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996) (per curiam) (post-conviction proceeding for return of property pursuant to former Rule 41(e)).

[8] *Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007).

that he or she is entitled to the property."[9] But when criminal proceedings have ended, that burden shifts to the Government.[10] Hence, "[a] criminal defendant is presumed to have the right to return of his property once it is no longer needed as evidence."[11] Indeed, the termination of criminal proceedings does not simply shift the burden but also changes how we deal with Rule 41(g) motions in general. When a defendant files a Rule 41(g) motion after the criminal proceedings have concluded, we treat the motion as a civil action under 28 U.S.C. § 1331 and treat the district court's denial of that motion as a grant of summary judgment in favor of the government.[12]

Here, Oduu filed his Rule 41(g) motion while his direct criminal appeal was pending. Therefore, criminal proceedings had not yet ended, and he had to bear the burden. In his district court pleadings, Oduu asserted that the Government was in possession of the property he was seeking to recover. He failed, however, to offer any evidence in support of his assertion. In his appellate brief, Oduu again fails to offer any evidence in support of his assertion that the Government is in possession of his property. Oduu's reliance of the Government's conditional response to his first motion (i.e., that it would return whatever non-forfeited property it may have) is unavailing as it clearly does not indicate that any such property even existed.

Oduu's argument that it was error for the district court to rely on the Government's bare assertion fails to persuade. It is true that our sister courts have remanded for fact-finding in cases where in the face of a Rule 41(g) motion the government contended that the property had already been destroyed.[13]

---

[9] *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999).

[10] *Id.*

[11] *Dean*, 100 F.3d at 20.

[12] *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000).

[13] *United States v. Cardona-Sandoval*, 518 F.3d 13, 15–18 (1st Cir. 2008) (per curiam); *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001).

No. 13-30703

However, in those cases, the government's bare assertion was not enough because the government had to bear the burden.[14] That is not the case here.

Accordingly, Oduu has failed to show that the district court erred in denying his motion. The district court's decision is AFFIRMED.

---

[14] *Cardona-Sandoval*, 518 F.3d at 15–18; *Potes Ramirez*, 260 F.3d at 1314.