IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 15-60516
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2016

Lyle W. Cayce
Clerk

CHRISTIAN BANAGA-ALCARAZ,

     Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

     Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(A094 068 636)

_____

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

     Christian Banaga-Alcaraz, a native of Mexico, was admitted to the United States in 2002 on a B1/B2 visa authorizing him to remain in the country for six months. Without authorization, he remained in the United States well beyond that period, residing in Arizona. In April 2013, Banaga-Alcaraz was stopped in Texas for speeding and driving without a license, taken into custody,

_____

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60516

and turned over to Immigration and Customs Enforcement, which initiated removal proceedings shortly thereafter. Banaga-Alcaraz conceded that he was removable but sought cancellation of removal and adjustment of status under 8 U.S.C. § 1229b(b)(1) (governing nonpermanent residents). An Immigration Judge (IJ) found that, though he met all other requirements for cancellation of removal, Banaga-Alcaraz had not shown that his U.S. citizen father and legal permanent resident mother, both living in Arizona, would suffer "exceptional and extremely unusual hardship" if he were removed, as required by § 1229b(b)(1)(D). Accordingly, in September 2013, the IJ denied Banaga-Alcaraz's application and ordered removal. The IJ also denied voluntary departure, noting that Banaga-Alcaraz had not requested it.

Banaga-Alcaraz appealed to the Board of Immigration Appeals (BIA), arguing that the IJ abused its discretion in denying a continuance that would have allowed his parents to testify at the removal hearing, and that the IJ further erred in determining that the hardship requirement had not been satisfied. The BIA dismissed Banaga-Alcaraz's appeal in August 2014. Banaga-Alcaraz petitioned this court to review the merits of that dismissal, and we summarily denied the petition. *Banaga-Alcaraz v. Holder*, No. 14-60626 (5th Cir. Apr. 24, 2015). While that petition was pending before our court, Banaga-Alcaraz several times asked the BIA to reopen or reconsider its decision, arguing that his counsel at the removal hearing had been ineffective. The BIA issued a series of orders in November 2014, December 2014, March 2015, and June 2015, each declining to revisit its dismissal of Banaga-Alcaraz's appeal or reconsider its previous orders. Banaga-Alcaraz now petitions this court to review the BIA's June 2015 order denying reconsideration of its March 2015 order.

2

No. 15-60516

Banaga-Alcaraz challenges the fact that the BIA's March 2015 order incorporated reasoning from its November 2014 and December 2014 orders. Because Banaga-Alcaraz did not argue this point before the BIA in his motion for reconsideration, it is unexhausted and we have no jurisdiction to consider it. 8 U.S.C. § 1252(d)(1); s*ee Omari v. Holder*, 562 F.3d 314, 319–21 (5th Cir. 2009). We therefore DISMISS in part the petition for lack of jurisdiction.

Banaga-Alcaraz also raises several arguments centering on the BIA's treatment of his claim that his counsel at the removal hearing was ineffective for failing to request voluntary departure under 8 U.S.C. § 1229c. Even assuming that aliens have a due process right to counsel in connection with seeking voluntary departure, Banaga-Alcaraz's ineffective-assistance argument can succeed only if he was prejudiced by any deficient performance. *De Zavala v. Ashcroft*, 385 F.3d 879, 884 (5th Cir. 2004). To establish prejudice, Banaga-Alcaraz must make a *prima facie* showing of eligibility for voluntary departure. *See Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997). As the BIA found, Banaga-Alcaraz did not "establish[] by clear and convincing evidence that [he] has the means to depart the United States and intends to do so." § 1229c(b)(1)(D). Accordingly, he cannot establish prejudice and his arguments rooted in an ineffective assistance of counsel claim fail.

We DENY Banaga-Alcaraz's motion to transfer the petition for review to mediation. Because summary disposition "is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent," *United States v. Oduu*, 564 F. App'x 127, 129 (5th Cir. 2014), we DENY the government's motion for summary disposition. However, because Banaga-Alcaraz's initial brief, the government's motion, and Banaga-Alcaraz's response adequately address the parties' positions, *see id.* at 129–30, we

No. 15-60516

DISPENSE with further briefing and DENY Banaga-Alcaraz's petition for review.