# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 9, 2021

Lyle W. Cayce
Clerk

No. 21-60372

Ahsan Habib Khan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 195 895

Before Elrod, Oldham,* and Wilson, *Circuit Judges*.

Per Curiam:**

Ahsan Habib Khan, a native and citizen of Bangladesh, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). An Immigration Judge (IJ) denied his applications, and Khan appealed that decision to the Board of Immigration Appeals (BIA).

---

* Judge Oldham would grant the motion for summary disposition.

** Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60372

Khan now requests that we review the BIA's dismissal of his appeal. The government has moved for summary disposition, arguing that Khan failed to present the issues he raises here before the BIA, thereby forfeiting them. We agree that Khan's contentions are unavailing because we have no jurisdiction to entertain claims that petitioners fail to exhaust administratively under 8 U.S.C. § 1252(d). *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). Nevertheless, summary disposition is inappropriate here.

Summary disposition is appropriate in very limited circumstances, generally when the motion for such goes unopposed. As we have often said before, "[t]he summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent." *United States v. Oduu*, 564 F. App'x 127, 129 (5th Cir. 2014). When the party adverse to the motion for summary disposition opposes the motion, that party presumably does not concede that the issues are foreclosed, even though governing precedent might very well dictate the eventual outcome sought by the moving party. *See Vasquez-Hernandez v. Holder*, 542 F. App'x 382, 383 (5th Cir. 2013) (noting that petitioner "opposes the motion" and concluding that "[s]ummary disposition is not appropriate in this case" even though respondent had argued—correctly— that petitioner's "issues [were] foreclosed" by circuit precedent); *see also, e.g.*, *United States v. Monshizadeh*, 679 F. App'x 359, 360 (5th Cir. 2017) ("In this appeal, Monshizadeh does not concede that the first issue he raises is foreclosed and opposes the Government's motion for summary affirmance. Therefore, we deny the Government's motion for summary affirmance[] . . . .").

Here, Khan has filed a response opposing the government's motion for summary disposition. In consideration of Khan's opposition, we conclude that summary disposition is not appropriate. However, because Khan's "initial brief, the government's motion, and [Khan's] response

No. 21-60372

adequately address the parties' positions," we elect to deny Khan's petition without further briefing. *Banaga-Alcaraz v. Lynch*, 628 F. App'x 332, 333 (5th Cir. 2016); *see also, e.g.*, *United States v. Ramirez*, 845 F.3d 578, 579 (5th Cir. 2016); *Torres-Ortega v. Holder*, 543 F. App'x 473, 475 (5th Cir. 2013); *United States v. Davis*, 454 F. App'x 383, 385 (5th Cir. 2011); *United States v. Eddins*, 451 F. App'x 395, 397 (5th Cir. 2011); *United States v. Newman*, 453 F. App'x 478, 479 (5th Cir. 2011); *Zamora-Garcia v. Gonzales*, 161 F. App'x 397 (5th Cir. 2006).

For the foregoing reasons, we DENY the government's opposed motion for summary disposition, DISPENSE with further briefing, and DENY Khan's petition for review.