# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2022

Lyle W. Cayce
Clerk

No. 21-60690

_____

Linda Diana Munatones Cabello,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 874 683

_____

Before Elrod, Oldham,* and Wilson, *Circuit Judges*.

Per Curiam:**

Linda Diana Munatones Cabello, a native and citizen of Mexico, applied for asylum, withholding of removal, and protection under the Convention Against Torture. The Immigration Judge (IJ) denied Cabello's requested relief, the Board of Immigration Appeals (BIA) dismissed her

_____

* Judge Oldham would grant the motion for summary disposition.

** Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60690

appeal, and Cabello now petitions for review of that decision.  The government has moved to summarily deny in part and dismiss in part Cabello's petition.  It argues that Cabello forfeits any challenge to the BIA's determination that she did not show past persecution in Mexico, failed to exhaust her claim that the IJ erred in concluding that Cabello could reasonably relocate, and raises challenges to the IJ's decision that the BIA did not rely on in dismissing her appeal.  Summary disposition is inappropriate here, but we nonetheless deny in part and dismiss in part Cabello's petition for review.

"The summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent." *United States v. Oduu*, 564 F. App'x 127, 129 (5th Cir. 2014). Cabello makes no such concession here, and the issues she raises are not immediately recognizable as foreclosed by this court's precedents. For this reason, we DENY the government's motion for summary disposition.

Nonetheless, Cabello has filed her opening brief and the government has responded in this motion. After considering the arguments, we need no further briefing to conclude that Cabello's claims are either forfeited, unexhausted, or not properly before us.

For this reason, we DENY in part and DISMISS in part Cabello's petition for review and DISPENSE with further briefing.