# United States Court of Appeals
# for the Fifth Circuit

––––––––––

United States Court of Appeals
Fifth Circuit

**FILED**
January 20, 2023

Lyle W. Cayce
Clerk

No. 22-60523
Summary Calendar

––––––––––

Wilmer David Martinez Martinez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A209 289 905

_____

Before Higginbotham, Duncan, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Wilmer David Martinez Martinez, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals' (BIA) decision, adopting and affirming the Immigration Judge's decision, which denied Martinez's application for asylum, withholding of removal, and protection under the Convention Against Torture. The government has moved to summarily deny his petition. It argues that Martinez failed to (1) establish that he faced

---

[*] This opinion is not designated for publication. *See* 5th Circuit Rule 47.5.

No. 22-60523

a credible threat of harm or persecution, (2) identify a cognizable Particular Social Group, and (3) show the Honduran government is unable or unwilling to protect him from his brother's alleged killer. This court reviews the BIA's decision along with "the IJ's findings and conclusions" to the extent the BIA adopted them. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review factual findings for "substantial evidence." *Ibid.*

"The summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent." *United States v. Oduu*, 564 F. App'x 127, 129 (5th Cir. 2014) (per curiam). Martinez makes no such concession but instead argues that this court's, and other circuits', precedent support his claim for relief. For this reason, we DENY the government's motion for summary disposition.

After considering Martinez's arguments, however, we need no further briefing to conclude that the record provides substantial evidence to support the BIA's determination that Martinez was ineligible for removal relief. We thus DISPENSE with further briefing and DENY Martinez's petition for review.

The government's alternative motion to extend the time to file its brief is DENIED AS MOOT.