# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2024

Lyle W. Cayce
Clerk

_____

No. 23-60579

_____

Elda Celina Castillo-Bonilla; Edvar Castillo-Bonilla,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

_____

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A208 997 920
Agency No. A208 997 919

_____

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:*

Elda Celina Castillo-Bonilla and her son, natives and citizens of
Honduras, petition for review of a decision by the Board of Immigration
Appeals (BIA) dismissing their appeal of the Immigration Judge's denial of
their application for relief.[1]  The government has moved summarily to deny

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Castillo's son was a minor at the time she filed an application for asylum,
withholding of removal, and protection under the Convention Against Torture (CAT).

the petition. It argues that the record supports the BIA's determination that Castillo is not eligible for asylum because, *inter alia*, Castillo failed to establish that she faces persecution in Honduras based on her membership in a particular social group.[2] This court reviews the factual conclusion that an alien is not eligible for asylum using the substantial evidence standard. *Bertrand v. Garland*, 36 F.4th 627, 631 (5th Cir. 2022) (citing *Zhao v. Gonzalez*, 404 F.3d 295, 306 (5th Cir. 2005)).

"The summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by circuit precedent." *United States v. Uduu*, 564 F. App'x 127, 129 (5th Cir. 2014). Castillo makes no such concession here, and the issues raised are not immediately recognizable as foreclosed by this court's precedents. For these reasons, we DENY the government's motion for summary disposition.

Nonetheless, after considering the parties' arguments, no further briefing is necessary to conclude that there is substantial evidence in the record to support the BIA's determination that Castillo was ineligible for asylum. Indeed, as to the only particular social group challenged on appeal,

---

Here, only Castillo's application for asylum is at issue. She has waived any challenge to the denial of relief as to withholding of removal and CAT protection, as she fails to mention these claims in either her opening brief or her response to the Government's motion for summary affirmance. *See Garcia v. Garland*, No. 22-60552, 2023 WL 5040975, at *1 (5th Cir. Aug. 8, 2023) (holding that a failure adequately to brief issues on appeal from the BIA constitutes a waiver) (citing *Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008)).

[2] Castillo asserted to the IJ that she was a member of 14 proposed particular social groups, including "Relative[s] of Junior Alberto Duartes Castillo," her nephew who was murdered in Honduras in 2010. The IJ found these putative social groups were not cognizable for several reasons: They lacked particularity or social distinction (or both); the social groups were impermissibly defined by the harm; and Castillo failed to demonstrate a nexus between any claimed group and the harm she experienced or feared. On appeal to the BIA, Castillo raised only the proposed social group relating to her familial relationship with Junior Alberto Duartes Castillo. The BIA thus found that Castillo waived the remaining proposed social groups.

the BIA properly adopted the IJ's finding that Castillo's familial relationship "was only incidental, tangential, superficial, or subordinate" to the primary reason the Honduran gang members harassed her, which was extortion. Further, contrary to Castillo's contention, the BIA's determination on this point did not rest on the since-vacated decisions in *A-B-I*, 21 I. & N. Dec. 316 (U.S. Att'y Gen. 2018) or *L-E-A-II*, 27 I. & N. Dec. 581 (U.S. Att'y Gen. 2019). *See Aguilar-Manzanares v. Garland*, No. 21-60891, 2022 WL 3136980, at *2 (rejecting a similar argument when the BIA "expressly noted in its decision that *Matter of A-B-*[*I*] had been vacated after the IJ issued its decision" and had "confirmed that it had not relied on the . . . vacated decision in deciding [the] appeal").

Accordingly, we DISPENSE with further briefing and DENY the petition for review.